**SAN FRANCISCO LODGE NO. 68 OF INTERNATIONAL ASS'N OF MACHINISTS et al. v. FORRESTAL, Secretary of the Navy, et al.**

No. 23721.

District Court, N. D. California, S. D.

Oct. 23, 1944.

J. W. Shapiro, Edwin V. McKenzie, and George G. Olshausen, all of San Francisco, Cal., for plaintiffs.

Bernard H. Muldary, of San Francisco, Cal., for defendant San Francisco Machine Shop Division California Metal Trades Ass'n.

Francis M. Shea, Asst. Atty. Gen., Frank J. Hennessy, U. S. Atty., and William E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., for all other defendants.

GOODMAN, District Judge.

Plaintiff seeks a declaration of rights, invoking the power vested in the court by the Declaratory Judgments Act, 28 U.S. C.A. § 400, and also a restraining order pursuant to the general equitable powers of the court.

Prior to April 12, 1944, plaintiff association had demanded that employers, operating a large number of machine shops in the San Francisco Bay area engaged in manufacturing essential equipment and material for the Navy and Maritime Commission, agree to certain employe working conditions. These demands having been refused, plaintiff, on April 12, 1944, decreed that its members would not work more than eight hours or overtime, unless its demands were complied with.

Attempts at conciliation proved futile and the dispute was duly referred to the War Labor Board. War Labor Disputes Act, 57 Stat. 166, 50 U.S.C.A. Appendix § 1507. Its order, after hearings as provided by law, that the ban imposed by plaintiff be rescinded, went unheeded. As a consequence the War Labor Board referred the issue to the President, who in due course and pursuant to the authority vested in him, Selective Training and Service Act as amended, 57 Stat. 164, 50 U.S.C.A. Appendix § 309, directed the defendant Secretary of the Navy, by his orders of August 14th and August 19th, 1944, to take possession of and operate the shops. These orders, the Secretary executed.

The record shows that from and after March, 1944, the shops were steadily falling behind in the performance of their contracts and that substantial delay and ineffectiveness in the production and delivery of vital war material resulted.

Plaintiff asks the court to declare invalid an order of the War Labor Board, issued at the time the Secretary of the Navy took possession of the shops, on the ground that said order was beyond the power of the Board under the War Labor Disputes Act, 57 Stat. 163, 50 U.S.C.A. Appendix § 1505. Also it asks the court to forbid defendants from refusing clearance and referrals to any of its members discharged by defendants for infractions of the rules and regulations, affecting working conditions established by the Secretary of the Navy, on the ground that such action would amount to the imposition

of a penalty and be in the nature of punishment.

By clearance and referrals, is meant the release of employes employed in essential work from the effect of the "freezing" orders of the War Manpower Commission, in cases where the War Manpower Commission deems such release proper and not detrimental to the efficiency of plants engaged in vital war work. Such releases and referrals, if granted, would enable employes to obtain employment in other war plants.

■ Defendants have moved to dismiss the complaint on the grounds that (a) the court lacks jurisdiction of certain of the indispensable defendants, (b) the court lacks jurisdiction of the subject matter, (c) that the amount in controversy is less than $3,000, and (d) that the complaint fails to state a cause of action against any of the defendants upon which relief can be granted plaintiff. The motion was both supported and opposed by affidavits. The affidavits can properly be considered by the court in determining the motions. Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85; National War Labor Board v. Montgomery Ward & Co., App. D.C., 144 F.2d 528, 531. The court has concluded that it is unnecessary to consider any of the grounds of the motions except the ground that the complaint does not state a cause of action, inasmuch as determination of the last mentioned issue is decisive of the matter.

In a cause where the equitable power of the court is invoked, the history of plaintiff's relationship to this vital war industry is most unimpressive. Appeals to this court on behalf "of the right to work" and against "condemnation to starvation," which ordinarily would be most attentively received, under the circumstances here of record, appear to be most unconvincing.

■ It appears to the court that no justiciable controversy in the legal sense exists and therefore the court should not exercise its power under the Federal Declaratory Judgment Act. That the exercise of this power is within judicial discretion is so declared by respectable authority. Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613; Delno v. Market St. Ry. Co., 9 Cir., 124 F.2d 965; Borchard, Declaratory Judgments, 2d Ed., 312, 313. An actual controversy is not one which may occur, but one which in fact exists.

"It (the controversy) must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." (Interpolation supplied.) Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000. See also: F. X. Hooper Co. v. Samuel M. Langston Co., D.C., 56 F.Supp. 577.

The record here conclusively shows that plaintiff's claim rests upon an anticipation as to the future course of action of defendants and not upon a present actual factual issue.

■ I am also of the opinion that the record does not disclose any grounds for general equitable relief by restraining order, injunction or the like. That a member of plaintiff association may violate the rules of employment, that he may be discharged therefor, that he may be consequently denied clearance and referral— these are speculative and conjectural factors. State of Texas v. Interstate Commerce Comm., 258 U.S. 158, 42 S.Ct. 261, 66 L.Ed. 531.[1] True, two instances of the past are alleged. In one, however, the question is moot, inasmuch as clearance to the aggrieved employe has been granted. The other is in process of final administrative disposition after determination favorable to the employe in the primary stage.

It is alleged that the Secretary of the Navy has announced that he will discharge employes for infractions of the War Labor Board order and will direct the War Manpower Commission to refuse clearances. This, plaintiff says, is a threat, that it constitutes compulsion, for which equity should give relief. However, the threat, if it be such, at least as to clearances, is not real until an infraction by a member of plaintiff association is committed. National War Labor Board v. Montgomery Ward & Co., App.D.C., 144 F.2d 528. Until then, at the earliest, no justiciable issue arises. It may never arise. No infraction may be committed, clearance may not be refused. That being the case, the court, if it decided the matter now, would be doing no more

---

[1] See also, to the same effect, Coffman v. Breeze Corporations, Inc., 65 S.Ct. 298, decision rendered subsequent to the filing of the opinion in this case.

than declaring a policy. Such is not a judicial function. Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L. Ed. 688.

If I were to rule on the validity of the order of the War Labor Board I would hold that it has no legal infirmity under the circumstances here presented. Plaintiff contends that the order of the War Labor Board, which fixed the working conditions during government operation of the shops, was invalid because no prior hearings were held. However, the statute does not make the holding of such hearings mandatory. Furthermore, it is clear that the order was made only after long and thorough investigations of shop employment conditions. Neither the purpose nor spirit nor requirements of the War Labor Disputes Act appear to me to be infringed by the order in question.

If I were to rule on the issue as to whether the denial of clearance is a penalty and therefore beyond the power of the appropriate agency to impose, I would hold that it is not. In the court's opinion, the denial of clearance is remedial. Enforcement of the statutory objectives and of the lawful war powers of the Executive would be abortive if confined only to criminal prosecutions, as contended by plaintiff. See L. P. Steuart & Bro. v. Bowles, 322 U.S. 398, 64 S.Ct. 1097; also my opinion in Markall v. Bowles, D.C., 58 F.Supp. 463.

Neither plaintiff nor any of its members will be without recourse in the event of abuse of power or authority in any properly justiciable cause. Under general principles of jurisprudence, and, as recognized in L. P. Steuart & Bro. v. Bowles, supra, the court has power to review abuses if such are made to appear in any case, and to grant appropriate relief. Such relief would be available if it appeared that a refusal of clearance in a particular case were not reasonably related to the objectives, the accomplishment of which are by law and necessity committed to the Executive. L. P. Steuart & Bro. v. Bowles, supra; Markell v. Bowles, supra.

Inasmuch as no justiciable controversy exists, no cause of action is stated.

The motions to dismiss are granted and the cause is dismissed as to all defendants without leave to amend.