## ZIMMER–THOMSON CORPORATION v. NATIONAL LABOR RELATIONS BOARD et al.

District Court, S. D. New York.

March 31, 1945.

H. R. Korey, of New York City, for plaintiff.

Alvin J. Rockwell and Malcolm F. Halliday, both of Washington, D. C., Charles F. McErlean, of Chicago, Ill., and Martin I. Rose, of New York City, for defendant National Labor Relations Board.

Harry Weinstock, of New York City, for defendant Furniture Workers Union Local 76-B of the United Furniture Workers of America, C. I. O.

BONDY, District Judge.

This is an action brought by the employer against the National Labor Relations Board, hereinafter called the Board, and the defendant union to set aside the certification by the Board of the union as the exclusive representative of plaintiff's employees for collective bargaining, and to restrain the union from taking further action before the National War Labor Board, based upon the claim that the union has been certified by the National Labor Relations Board.

The case is before the court on a motion for a temporary injunction against the union.

Both defendants move to dismiss the complaint on the ground that it does not set forth a cause of action and that the court is without jurisdiction of the subject matter thereof. The Board also moves to quash the summons on the ground that it is an agency of the government and may not be sued without the consent of the government, that the Board and its members are officially residents of the District of Columbia and not of this district, and that process was not served on the Board in this district.

The following facts are set forth in the complaint:

At a hearing before a trial examiner it was stipulated that the unit for collective bargaining should consist of all production and maintenance employees, including foremen who spent more than 50 per cent. of their time in manual functions relating to production or maintenance but should exclude all other supervisory employees. At an election by secret ballot ordered by the Board, forty-one of the employees of the unit consisting of 101. employees voted for and forty against the union. The votes of three other employees were not counted because they were challenged by the union. There was served upon the plaintiff a copy of objections to the election filed by the union, in which the union prayed that the election be set aside and that another election be held if the challenges were not sustained. There was also served upon the plaintiff a copy of the report of the Regional Director. It stated that as a result of an investigation which he caused to be made, he found that two of the three employees whose votes had been challenged, though now devoting more than 50 per cent. of their time performing duties of a production or maintenance nature, had previous to the election spent only 20 per cent. of their time in such manual activities; that the remaining employee spent more than 50 per cent. of his time performing duties relating to maintenance, but since his work has to do with making small dies, preparing and setting up machines, it could not be regarded as production work of the same nature as performed by the men in the machine shop, and that the Regional Director accordingly concluded that the relation of this employee to the production workers in the plant was supervisory. The report recommended that the Board declare the three challenged ballots invalid and grant permission to the union to withdraw its objections to the election. This report was made without the plaintiff having been given an opportunity to be heard with reference to the challenges. The report itself discloses that one employee whose vote was challenged worked more than 50 per cent. of his time "doing manual work in maintenance work", that he was within the proper unit and entitled to vote, and that if his vote had been counted and cast against the union it would have forced a tie vote. The plaintiff failed to file objections to the report because it was unaware that the regulations of the Board required the filing of objections within five days. See 29 C.F.R. Cum.Supp. 203.9. Thereafter, and on or about August 24, 1943, the Board adopted the recommen-

dations of the Regional Director and certified the union as exclusive representative of the employees for collective bargaining. Plaintiff's repeated requests for an opportunity to be heard upon the determination of the validity of the challenged votes and for opening its default in filing formal objections to the report of the Regional Director were arbitrarily denied. On October 22, 1943, the Board made an order in which it stated that the plaintiff having filed requests for reconsideration of its decision and Certification of Representatives, and the Board, having duly considered the matter on its merits without regard to the fact that the requests were not timely as objections, denied such requests. On December 28th the defendant union filed charges with the Board, charging the plaintiff with unfair labor practices in refusing to bargain collectively with the defendant union and the Board issued its formal complaint, to which the plaintiff filed its answer. Thereafter the Board, without consulting plaintiff, adjourned the hearing from time to time and persistently and arbitrarily ignored plaintiff's requests for a hearing until May 16, 1944, when it notified the plaintiff that it had granted the union's request to withdraw its charges, and the Board's complaint was withdrawn pursuant to Article II, Section 8 of its Rules and Regulations. See 29 C.F.R. 1939 Supp. 202.1. In the meantime, the union caused the United States Conciliation Service of the Department of Labor of the United States to certify to the National War Labor Board that there was a dispute between the plaintiff and the defendant union.

The complaint alleges that the union arranged and connived to prevent the plaintiff from having its day in court with respect to the charge of unfair labor practices before the Board, knowing that the National War Labor Board would accept the certification of the defendant Board as conclusive.

■ Until a cease and desist order is issued by the Board, its certification neither imposes any duty nor interferes with any rights of the plaintiff. If such an order is ever issued, the statute affords it a day in court. Certification by the National Labor Relations Board is only informatory. It is not reviewable by the court until and unless an order directing an employer to cease and desist from an unfair

labor practice has been issued by the Board and in such case it is reviewable only in the manner specified in the National Labor Relations Act. On such review the entire record of the Board is before the appropriate Circuit Court of Appeals which can set aside, affirm or modify the Board's order. National Labor Relations Act, 29 U.S.C.A. § 159(d); American Federation of Labor v. National Labor Relations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347.

■ If the Board for any reason whatsoever should fail to issue a cease and desist order against the plaintiff, then so far as the Act is involved the plaintiff can not be prejudiced in any manner. Should the Board, however, issue such an order the Act expressly grants the plaintiff a right to a judicial review of all the Board's rulings. The plaintiff accordingly has, under the statute, an adequate remedy in the review of any action of the Board which affects or prejudices any of its rights. But certification by the Board can only be reviewed in the manner provided by the law. The authorities firmly establish that a District Court has not the power to review certification by the Board. See Switchmen's Union v. National Mediation Board, 320 U.S. 297, 300, 303, 64 S.Ct. 95, 88 L.Ed. 61; General Committee v. Missouri, Kansas & Texas Ry. Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76; General Committee v. Southern Pacific Co., 320 U.S. 338, 64 S.Ct. 142, 88 L.Ed. 85; Brotherhood of Railway & Steamship Clerks, etc. v. United Employees, 320 U.S. 715, 64 S.Ct. 260, 88 L.Ed. 420, reversing 78 U.S.App.D.C. 125, 137 F.2d 817; Order of Railway Conductors v. National Mediation Board, App.D.C., 141 F.2d 366, certiorari dismissed 323 U.S. 166, 65 S.Ct. 222; Reilly v. Millis, App. D.C., 144 F.2d 259; Millis v. Inland Empire District Council, App.D.C., 144 F.2d 539, certiorari granted 65 S.Ct. 269.

This court accordingly can not set aside the mere certification of the defendant union as collective bargaining agent of plaintiff's employees.

The plaintiff, however, contends that it is not only seeking relief against the Board, but that it is also seeking to restrain the union from taking advantage of its own wrongful acts in withdrawing its objections to the election, thereby depriving the plaintiff of any review and rendering the Board's unlawful certification of the

union final in proceedings before the War Labor Board, and that as a result thereof, unless plaintiff recognizes the union, and negotiates a contract with a union which does not represent a majority of its employees, it is threatened with a cancellation of its government contracts and the seizure of its business by the President.

The directive of the War Labor Board, however, is also only advisory. It is not in and of itself enforceable or reviewable. National War Labor Board v. United States Gypsum Co., App.D.C., 145 F.2d 97.

In Employers Group of Motor Freight Carriers v. National War Labor Board, App.D.C., 143 F.2d 145, 151, certiorari denied 323 U.S. 735, 65 S.Ct. 72, the complaint asserted that the War Labor Board's findings and order were unlawful, arbitrary and capricious and that they were not supported by any material evidence of record and that they will result, unless changed, in irreparable injury to the employers affected thereby. It also set forth that the findings of the Board in other cases have been enforced by governmental seizure of the property and business of non-complying respondents. The court stated that "If it be true, as appellants suggest, that the President may ultimately take possession of their plant and facilities, that possibility is irrelevant not only because it is speculative but also because it is independent of the Board's order."

Since the law affords the plaintiff an adequate judicial remedy in case the National Labor Relations Board should ever issue an order based on its certification and since all the War Labor Board can do if it accepts the certification of the Labor Board as to the collective bargaining representative of plaintiff's employees as final, is to issue a directive which is merely advisory and informatory, no right of the plaintiff has been violated, and no irreparable injury has been threatened by anything that either the Board or union has done. The plaintiff accordingly has no cause of action at law or in equity against either of them.

The plaintiff's motion for an injunction accordingly must be denied and the complaint dismissed.

This disposition of the motions makes it unnecessary to consider the defendant Board's motion to quash the service of the complaint.