G. B. JENSEN, operating under the style and trade name of JENSEN COAL COMPANY, Appellant, v. JOHN B. SULLIVAN, Commissioner appointed by National War Labor Board et al., Appellees.

No. 46668.

JULY 27, 1945.

Havner & Powers, of Des Moines, for appellant.

Francis M. Shea, Assistant Attorney General of the United States Department of Justice, Maurice F. Donegan, United States Attorney, Cloid I. Level, Assistant United States Attorney, both of Des Moines, Wm. R. Sheridan, Assistant United States Attorney, of Keokuk, Arnold Levy, Special Assistant to the Attorney General of the United States, and Harry I. Rand, of Washington, D. C., for appellees.

OLIVER, J.—Appellant owns and operates a coal mine near Fort Dodge, under the trade name of Jensen Coal Company. A disagreement arose between appellant and his employees concerning overtime back pay. An attempted conciliation by United States Conciliation Service having failed, the parties agreed the case might be heard before a single hearing officer to be named by National War Labor Board, Region 7, and in November 1943, hearing was scheduled before appellee Sullivan, a commissioner appointed by said board.

Appellant appeared and objected to the jurisdiction, contending the commissioner was without jurisdiction to hear and determine the dispute, because (1) the government already had seized and was operating the mine at the time of the attempted hearing and (2) the employment agreement had been in effect more than three months before complaint was made. The objections were overruled and Sullivan was proceeding with the hearing. Thereupon appellant instituted this suit to enjoin Sullivan as representing National and Regional War Labor Board 7 from proceeding in the matter. A temporary injunction issued. Thereafter special appearances were entered

by Sullivan, National War Labor Board, and Regional War Labor Board 7. One ground of the special appearances was that the court had no jurisdiction of the subject matter of the action. Upon hearing the special appearances were sustained. Hence this appeal.

The National War Labor Board was created January 12, 1942, by Executive Order No. 9017 (7 Fed. Reg. 237). The War Labor Disputes Act of June 25, 1943, 57 Stat. at L. 163, chapter 144, 50 U. S. C. App., Supp. III, section 1501 et seq., gave the board a legislative status. Upon its own motion, or upon certification from the United States Conciliation Service, the board may take jurisdiction of a dispute. Hearings are generally held before a panel of the proper regional board but if the parties so stipulate, as was done in this case, the matter may be heard by one hearing officer or commissioner, who reports to the regional board. The regional board may then issue "directives," which become "directives" of the national board unless appealed to the national board and by it modified or overruled.

In a number of cases similar to the one at bar federal courts have held that orders (directives) of the National War Labor Board are not subject to judicial review and that they furnish no basis for injunctive relief against the board, or its officers or agents, because no real or justiciable controversy exists. The premise of the federal decisions is that "orders" of the National War Labor Board are not legally enforceable but are merely directory. This is aptly expressed in Baltimore Transit Co. v. Flynn, D. C., Md., 50 F. Supp. 382, 387, which, in holding that a bill seeking to enjoin the enforcement of orders of National War Labor Board did not state a case, uses the following language:

"It [the board] does not exist as a tribunal to determine the legal rights and obligations of employer and employe, or to protect and enforce such rights, but merely to decide how such rights, in the Board's opinion, are to be exercised in the public interest in view of the state of war. * * * The function of the Board is to give expression of its views of the moral obligation of each side to the controversy, as members of society, to agree upon a basis for cooperation in the public interest.

The jurisdiction and power of the Board to direct parties to do what it deems they should do in such interest is not limited by their constitutional or legal right to refuse to do it. There is no constraint upon the parties to do what the Board may decide they should do, except moral constraint."

Employers Group of Motor Freight Carriers v. National War Labor Board, 79 U. S. App., D. C., 105, 143 F. 2d 145, 151, certiorari denied 323 U. S. 735, 65 S. Ct. 72, 89 L. Ed. 44, was a suit to annul and enjoin a "directive order" of the National War Labor Board. The complaint assailed the findings and order as unlawful, arbitrary, and capricious, alleged they would result in irreparable injury to the employer, and asserted findings of the board in other cases had been enforced by governmental seizure of the business. The decision states the legislative history of the act implies an intention that such orders of the board should not be reviewed and that general equitable principles do not authorize review because the administrative action was not directly injurious to legally protected interests of plaintiff nor did it furnish the basis for probable judicial proceedings against plaintiff:

"If it be true, as appellants suggest, that the President may ultimately take possession of their plants and facilities, that possibility is irrelevant not only because it is speculative but also because it is independent of the Board's order."

In National War Labor Board v. United States Gypsum Co., 79 U. S. App., D. C., 239, 145 F. 2d 97, it was alleged the board had reported to the Director of Economic Stabilization and to the President, the fact of noncompliance with its order. The decision followed the Employers Group case, supra, holding that the board's order was not enforceable and therefore not reviewable, that the reports would be advisory, and that the correctness of administrative advice cannot be reviewed by the courts.

Again, in National War Labor Board v. Montgomery Ward & Co., 79 U. S. App., D. C., 200, 144 F. 2d 528, certiorari denied 323 U. S. 774, 65 S. Ct. 134, 89 L. Ed. 619, the court reversed

an order of the district court which denied a motion to dismiss the complaint for lack of jurisdiction and for failure to state a claim on which relief could be granted, holding that a directive of the board is not in legal effect an order reviewable in a federal court despite the possibility of seizure or other action by the executive branch of the government in case the directive is not obeyed. Among other federal decisions in accord with the foregoing are: England v. Devine, D. C., Mass., 59 F. Supp. 379; Zimmer-Thomson Corp. v. National Labor Rel. Bd., D. C., N. Y., 60 F. Supp. 84; May Department Stores Co. v. Brown, D. C., Mo., 60 F. Supp. 735, 8 Cir., Mo., 146 F. 2d 66, certiorari denied 324 U. S. 838, 65 S. Ct. 1014, 89 L. Ed. 1401; San Francisco Lodge v. Forrestal, D. C., Cal., 58 F. Supp. 466. There are analogous holdings in Pennsylvania Railroad System v. Pennsylvania R. Co., 267 U. S. 203, 45 S. Ct. 307, 69 L. Ed. 574; Pennsylvania R. Co. v. United States Railroad Labor Board, 261 U. S. 72, 43 S. Ct. 278, 67 L. Ed. 536.

We feel obliged to follow the cited federal decisions involving the War Labor Board. Hence we hold the court had no jurisdiction of the subject matter of the action and that the special appearances were properly sustained. This conclusion renders unnecessary the consideration of other propositions presented by appellees to sustain the ruling of the trial court. —Affirmed.

All JUSTICES concur.