**Henry Merritt FARNUM, Plaintiff,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS, Defendant.**

United States District Court
S. D. New York.

March 17, 1958.

Writ of Certiorari Denied June 16, 1958.
See 78 S.Ct. 1360.

Henry Merritt Farnum, in pro. per.

Vladeck & Elias, for defendant.

DIMOCK, District Judge.

Defendant has moved for summary judgment dismissing the complaint.

■ Plaintiff moves for a stay pending a projected application by him to the United States Supreme Court for a writ of mandamus by which he will, in effect, seek review of previous orders of this court denying appointment of a three-judge court. Even had such an application actually been made to the Supreme Court it would not, in my opinion, have possessed sufficient merit to warrant a stay of proceedings in the District Court. The motion for a stay is therefore denied.

The action is one brought by a member of defendant labor union in which he complains that, at a union meeting where a strike settlement was discussed, he was deprived of his rights under the United States Constitution to make certain arguments. The strike has since been settled and the terms of a new contract agreed upon by a majority vote. Plaintiff nevertheless seeks by an amended complaint, "interlocutory and permanent injunctions against the practices set forth in this complaint" and "declaratory relief against such practices in the future".

■■ At the moment of the settlement of the strike this court became powerless to give plaintiff an opportunity to be heard by the union on that question and this case became moot. It is true that even where illegal acts have ceased a court of equity will sometimes enjoin their repetition. That course is followed, however, only where there is likelihood of repetition. See Securities and Exchange Commission v. Otis & Co., D.C.N.D.Ohio E.D., 18 F.Supp. 100, 102, affirmed sub nom. Otis & Co. v. Securities and Exchange Commission, 6 Cir., 106 F.2d 579. It would be fantastic to think that the situation will ever arise where plaintiff seeks to be heard by the union on the same arguments which he sought to interpose on the question of a pending strike settlement. He is not entitled to an injunction.

■ His plea for a declaratory judgment must be disposed of in much the same way. There must be an "actual controversy" between the parties to warrant a declaratory judgment. 28 U.S.C. § 2201. To be actual the controversy must be one which in fact exists rather than one which may occur. San Francisco Lodge No. 68, etc. v. Forrestal, D.C.N.D.Cal.S.D., 58 F.Supp. 466. There is no existing controversy here.

The motion for summary judgment dismissing the complaint is granted.