## NATIONAL WAR LABOR BOARD et al. v. UNITED STATES GYPSUM CO.

### No. 8695.

United States Court of Appeals
District of Columbia.

Argued Oct. 5, 1944.

Decided Oct. 23, 1944.

Mr. Arnold Levy, Special Assistant to the Attorney General, with whom Assistant Attorney General Francis M. Shea, Messrs. Edward M. Curran, United States Attorney, of Washington, D. C., and Joseph A. Fanelli, Special Assistant to the Attorney General, and Robert Burstein, Attorney, Department of Justice, of Washington, D. C., were on the brief, for appellants.

Mr. John E. MacLeish of the Bar of the Supreme Court of Illinois, of Chicago, Ill., pro hac vice, by special leave of Court, with whom Mr. Joseph H. Batt, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

This is a suit for an injunction or a declaratory judgment against a "directive order" which the National War Labor Board issued in May, 1943. The plaintiff is the United States Gypsum Company. The defendants include the Board, its members, the Director of Economic Stabilization, the Economic Stabilization Board, and its members. The defendants moved to dismiss the complaint or, in the alternative, for summary judgment. The District Court denied this motion and we allowed a special appeal.

This court afterwards decided Employers Group of Motor Freight Carriers v. National War Labor Board, 79 U.S.App.D.C. ——, 143 F.2d 145, certiorari denied 65 S.Ct. 72. That case governs this one. The chief difference is that the Gypsum Company's complaint alleges that the Board has reported the fact of non-compliance to the Director of Economic Stabilization and to the President,[1] whereas the complaint of Employers Group alleged in effect that the Board might make such reports. This difference is not ma-

---

[1] Appellants say in their brief that no such reports have been made. But the question before us is the sufficiency of the complaint.

The complaint alleges that the Director, and unnamed agencies of the Government, "are about to or have taken" action to withhold priorities, etc., from plaintiff. This is not a statement of fact but a prediction and has no legal effect. Cf. National War Labor Board v. Montgomery Ward & Co., 79 U.S.App.D.C. ——, 144 F.2d 528.

terial. The Employers Group case decided that the Board's order was not enforceable and therefore not reviewable; that any reports which the Board might make would be merely advisory; and that the correctness of administrative advice cannot be reviewed by the courts. Such advice is no more subject to review after it has been given than before.

Reversed.