**UNITED BRICK & CLAY WORKERS OF AMERICA v. ROBINSON CLAY PRODUCT CO. et al.**

Civ. No. 23226.

District Court, N. D. Ohio, E. D.

Jan. 31, 1946.

H. M. Rust, of Mansfield, Ohio, for plaintiff.

Robert Guinther, of Akron, Ohio, for defendants Robinson Clay Product Co., Stowe-Fuller Refractories Co. and Thomas Rockwell.

Hubbard, Baker & Rice, of Chicago, Ill., and Paul H. Torbet, of Cleveland, Ohio, for other defendants.

Don C. Miller, U. S. Dist. Atty., and F. Kavanagh, Asst. U. S. Dist. Atty., both of Cleveland, Ohio, amici curiæ.

JONES, District Judge.

Robinson Clay Product Company and Stowe-Fuller Refractories Company operate clay processing plants in Ohio, and Thomas Rockwell is an officer of each of the two companies. The two corporations subscribe to an employers service furnished by Stevenson, Jordon & Harrison, Inc., for which E. W. Marcellus is an agent. The remaining twelve defendants are members of the Fifth Regional War Labor Board.

Plaintiff, the collective bargaining agent for the employees of the two corporate defendants, alleges that on November 2, 1943 it negotiated contracts with them providing for wage increases retroactive to July 1, 1943, which were to become effective upon approval by the War Labor Board, as provided by Executive Order No. 9250, 50 U.S.C.A.Appendix, § 901 note, and the parties filed "Voluntary Joint Form 10" applications asking for such approval; E. W. Marcellus then "secretly, separately and privately" contacted the members of the Fifth Regional War Labor Board and informed them that the employers desired that the applications be denied, and the Board, acting in the conspiracy, denied the applications although similar agreements between the plaintiff and other employers were approved at about the same time, and "subsequent to said denial the parties entered into a contract on the same terms which was filed with the said Regional War Labor Board as a dispute case, and the same was approved." The plaintiff also alleges that it is an unincorporated association which does not have capacity to sue or be sued in its common name under the Law of Ohio and that it brings this action

under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. It asks for an injunction against the defendants ordering them to cease and desist from any and all further acts in said conspiracy in restraint of trade, a decree putting the contracts of November 2, 1943 into full force and effect, and for treble damages and a reasonable attorney's fee.

The case is now before the Court on the following motions: (1) a motion by Harold Smith and Frank Kebhan (two members of the Fifth Regional War Labor Board) to dismiss the action for want of service; (2) a motion by Robinson Clay Product Company, Stowe-Fuller Refractories Company and Thomas Rockwell for dismissal of the action; (3) a motion by Stevenson, Jordon & Harrison, Inc., and E. W. Marcellus for dismissal of the action and to strike paragraphs 7, 11 and 13 from the complaint; and (4) a motion by the remaining members of the Regional War Labor Board to dismiss the complaint or, in the alternative, for a summary judgment.

■ As no service was made upon defendants Harold Smith and Frank Kebhan, their motion should obviously be granted.

In support of the other motions to dismiss, it is contended that the Court lacks jurisdiction over the person of plaintiff, that there was insufficiency of service of process on the "governmental defendants", that the complaint fails to state a claim on which relief can be granted, and that the Court lacks jurisdiction of the subject matter.

Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that: "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; except that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right exist-

874

ing under the Constitution or laws of the United States."

■ From this rule it appears that, if the plaintiff has any substantive rights existing under the Sherman Anti-Trust Act or the National Labor Relations Act (as is alleged in the complaint), it has capacity to bring this suit. Whether it has any such rights will be discussed later.

■ The "governmental defendants" contend that service of process upon them was insufficient because it was not made in accordance with the requirements of Rule 4(d) of the Federal Rules of Civil Procedure pertaining to service upon officers of the United States. In reply to this contention, the plaintiff says it is not suing them as officers of the United States, but only as private persons. If they are sued only as private persons, the service of process was sufficient.

As stated above, the complaint alleges that "subsequent to said denial the parties entered into a contract on the same terms which was filed with the said Regional War Labor Board as a dispute case, and the same was approved." From this allegation, it appears that the plaintiff has received exactly what the agreement of November 2, 1943 would have given it if the agreement had been approved and, consequently, that there is no cause of action; but the plaintiff's brief asserts, and defendants' briefs practically admit, that the subsequent agreement was for a different period of time. As the case must be dismissed on other grounds, it is assumed that this defect could be cured by an amendment to the complaint.

The principal question is whether the plaintiff has stated a cause of action under the Sherman Anti-Trust Act or the National Labor Relations Act. Section 16 of the Clayton Act, 15 U.S.C.A. § 17, provided that, "The labor of a human being is not a commodity or article of commerce." In Apex Hosiery Co. v. Leader, 310 U.S. 469, Syl. 13, 60 S.Ct. 982, 84 L.Ed. 1311, 128 A.L.R. 1044, the Supreme Court held: "Restraint on competition or on the course of trade in articles moving in interstate commerce does not violate the Act, unless the restraint is shown to have, or is intended to have, an effect upon prices in the market or otherwise to deprive purchasers or consumers of the advantages which they derive from free competition."

On page 495 of the opinion in 310 U.S., at page 993 of 60 S.Ct., Justice Stone said, "this Court has never applied the Sherman Act in any case, whether or not involving labor organizations or activities unless the Court was of opinion that there was some form of restraint upon commercial competition in the marketing of goods or services."

■ It seems doubtful whether the defendants under the facts alleged in this case were guilty of any conspiracy. But even if it were assumed that there was a conspiracy, there is nothing in the complaint to show that it was of the type covered by the Sherman Act.

In its brief in opposition to the motion of E. W. Marcellus and Stevenson, Jordon & Harrison, Inc., the plaintiff says: "The gist of the plaintiff's case is that the defendants have destroyed the rights guaranteed by section 7 of the National Labor Relations Act to bargain collectively but fully complying with all the requirements of that Act in form and then destroyed and render futile the compliance of that Act by their conduct in conspiracy with the members of the National War Labor Board."

Section 10(a) of the National Labor Relations Act, 29 U.S.C.A. § 160(a), provides: "The Board is empowered as hereinafter · provided, to prevent any person from engaging in any unfair labor practice (listed in section 158) · affecting commerce. This power shall be exclusive, and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise."

■ Under this section, the National Labor Relations Board has exclusive power to decide whether any unfair labor practices have been committed and to determine how they shall be corrected. National Labor Relations Board v. Link Belt Co. et al., 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368; National Licorice Co. v. National Labor Relations Board, 309 U.S. 350, 60 S.Ct. 569, 84 L.Ed. 799; Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738.

■ The plaintiff is, in effect, asking the Court to review and set aside orders of the Fifth Regional War Labor Board. Such orders are not reviewable by the

courts. Employers Group of Motor Freight Carriers v. National War Labor Board, 79 U.S.App.D.C. 105, 143 F.2d 145, certiorari denied 323 U.S. 735, 65 S.Ct. 72; National War Labor Board v. Montgomery Ward & Co., 79 U.S.App.D.C. 200, 144 F.2d 528, certiorari denied 323 U.S. 774, 65 S.Ct. 134; National War Labor Board v. United States Gypsum Co. 79 U.S.App.D.C. 239, 145 F.2d 97, certiorari denied 324 U.S. 856, 65 S.Ct. 857. Assuming, however, that the rulings in this case were reviewable, the Court should not review them because the plaintiff has not exhausted its administrative remedies. After the Joint Form 10 applications were disapproved by the Fifth Regional War Labor Board, the plaintiff could have petitioned the Regional Board for a reconsideration of its rulings, or it could have petitioned the National War Labor Board for a review of the Regional Board's rulings. 29 C.F.R., 1943-1944 Supps., 802.57. Upon expiration of the time for filing a petition for review, the rulings were, by operation of the same regulation, confirmed as orders of the National War Labor Board. Where an administrative remedy is provided, a court will not act unless the party seeking relief has exhausted his remedies before the administrative agency. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Gorham Manufacturing Co. v. State Tax Commission, 266 U.S. 265, 45 S.Ct. 80, 69 L.Ed 279; United States v. Sing Tuck, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917, 132 A.L.R. 715.

Since it appears that exclusive administrative remedies have not been exhausted and further that relief under the Sherman Act is not available it well may be that this concluding observation is not relevant at the present stage of the proceedings. However, it should be borne in mind that the Congress long since has very drastically curtailed, if indeed it has not effectively made impotent, the jurisdiction and power of the courts of the United States to grant injunctive relief in labor disputes of all kinds. It therefore seems extremely doubtful that this case as laid could proceed to hearing and effective judgment were it not for the rulings made upon the motions, so complicated are the statutory restrictions upon the jurisdiction and power of the Federal Courts.

In accordance with the foregoing review and summary of the matters involved the motions to dismiss will be sustained.