Per Curiam.

In signing the usual form for submission of this dispute to the National War Labor Board, there was no apparent intention to grant to the board or to its hearing officer more than customary jurisdiction in such cases. Directives of the National War Labor Board have been held by the Federal courts to be advisory only, and not enforcible in courts of law (Employers Group of Motor Freight Carriers v. National War Labor Board, 143 F. 2d 145, certiorari denied 323 U. S. 735; National War Labor Board v. Montgomery Ward & Co., 144 F. 2d 528, certiorari denied 323 U. S. 774; National War Labor Board v. United States Gypsum Co., 145 F. 2d 97, certiorari denied 324 U. S. 856; Baltimore Transit Co. v. Flynn, 50 F. Supp. 382). Moreover, the purpose of the National War Labor Board was to aid in resolving industrial disputes without strikes during wartime. The conduct of appellants in striking prior to the final decision by the National War Labor Board would have constituted a breach of the contract of submission if the instrument signed were to be construed as a submission to a legally binding arbitration.
The stipulation before the Referee to the effect that the allegations of the petition are true that appellants agreed to refrain from striking pending a determination by the National War Labor Board, was only that they were to conform to the purpose for which the board was created. No reason is apparent on account of which they should be relieved from this stipulation. A no-strike agreement would be implied, in any event, while the dispute was pending before the board.
The orders appealed from should be affirmed, with costs.