**Leo HUGHES, Libellant,**

v.

**S.S. SANTA IRENE, her tackle, apparel, furniture and engines, etc., Kronos Cia Naviera, S.A., Panama, Triton Shipping Inc., Dynamic Steamship Company, Nicolas Pateras and Captain John Doe (Name being fictitious) the Master of the S.S. Santa Irene, Respondents.**

United States District Court
S. D. New York.

July 26, 1962.

On Motion for Reargument or for Certification of Appeal
Sept. 24, 1962.

---

Standard, Weisberg & Harolds, New York City, Louis R. Harolds, New York City, of counsel, for libellant.

Zock, Petrie, Sheneman & Reid, New York City, Edwin K. Reid, New York City, of counsel, for respondents.

PALMIERI, District Judge.

This motion by respondents for a transfer to another district places this Court once again in the dangerous shoals of 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Recently, in Goldlawr, Inc. v. Shubert,[1] this Court had before it a motion to dismiss an anti-trust suit that had been commenced in the Eastern District of Pennsylvania. Both jurisdiction and venue were there improper, and the suit had been transferred to New York pursuant to 28 U.S.C. § 1406(a). On the ground that Congress could not have intended to confer on a court without jurisdiction the power to transfer to another court merely because venue was also improper, the motion to dismiss was granted. The Second Circuit affirmed.[2] The Supreme Court, however, reversed.[3] Reasoning that the plain meaning of the statute is that transfer for improper venue has no connection with lack of jurisdiction, the Court also stressed the practical considerations that favored transfer rather than commencement of a new action. In particular, the Court recognized that it was not always easy to determine the district in which a defendant might properly be sued, and that

---

1. 175 F.Supp. 793 (S.D.N.Y.1959).

2. Goldlawr, Inc. v. Heiman, 288 F.2d 579 (2d Cir. 1961).

3. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 44 (1962).

dismissal would confront plaintiff with a serious statute of limitations dilemma.

Were this Court to adopt the practical approach taken by the Supreme Court in Goldlawr, it would have little hesitation in granting the motion now before it. Libellant is a repairman employed by the Savannah Machine & Foundry Co. He was seriously injured while working on the SS Santa Irene in Savannah. The vessel remained there for two days after the accident and departed. According to libellant's New York counsel, libellant, although some months later, gave consideration to commencement of an action in Georgia, but could find no basis for jurisdiction. The ship was not in Savannah waters, and the respondents had neither assets nor significant contacts in Georgia. Hence, suit was brought here, *in rem* against the ship, *in personam* against the ship's Panamanian owner through writ of foreign attachment, and *in personam* against three other respondents through personal service in New York.

Interestingly enough, libellant has not even attempted to debate respondents' contention that convenience and justice call for transfer to Georgia. Nor could he. Libellant is a resident of Georgia, the whole of the occurrence took place there, and almost all of the needed materials for trial are there. Libellant's employer, Savannah Machine & Foundry Co., which respondents claim to have sole responsibility for the accident, cannot be impleaded in New York, since there is no basis for jurisdiction over the company in this state. If the suit is tried here and respondents lose, they will be forced to commence action against the Savannah company in Geor-

gia, fraught with all the risks and delays as well as the expenditure of judicial time that such a course would entail.

■■ The Court makes reference to these matters only to emphasize the unhappy fact that Section 1404(a) as now construed does not permit the transfer of this action. Nor, with perhaps one or two exceptions, does it permit the transfer of any *in rem* proceeding. The crucial time in determining whether an action "might have been brought" in another district is the time when suit is instituted. Since the *res,* in this case the ship, can only be in one district at that time, there is only one district in which the *in rem* proceeding "might have been brought," and hence any motion to transfer must be denied. The fact that the ship might afterward remain in or return to the *locus delicti* so that there was actually a jurisdictional basis in the district in which the accident occurs, makes no difference.[4]

■ Contrary to libellant's assertion, it is not Hoffman v. Blaski [5] that dictates this result. The Supreme Court has since pointed out that in Hoffman there was no basis *whatever,* other than consent, for jurisdiction in the transferee forum. See Continental Grain Co. v. Barge FBL—585, 364 U.S. 19, 22, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). Both the majority and the dissent in the Continental opinion, however, seem clearly to have assumed that normally an *in rem* proceeding may not be transferred because satisfaction of the jurisdiction requirement in the transferee court must be determined as of the time of suit. In this Circuit, moreover, Torres v. Walsh [6] states by way of clear dictum that transfer on the facts here is unauthorized.[7]

4. Libellant has attempted to counter respondents' contentions with the argument that since he was so seriously injured, there was no possibility of his instituting suit during the two days after the accident that the ship was in the harbor. The Court deems this argument irrelevant to the question before it.

5. 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed. 2d 1254 (1960).

6. 221 F.2d 319 (2d Cir. 1955).

7. See also Broussard v. The Jersbek, 140 F.Supp. 851 (S.D.N.Y.1956). (Relying in part on the authority of Torres v. Walsh to deny transfer on libellant's motion, when ship was not within the jurisdiction of the transferee court when the suit was instituted nor when the motion to transfer was made.)

Had there been some other basis for jurisdiction over respondents in Georgia,[8] they would be able to escape this result. Transfer of the *in personam* action could then be ordered, and by virtue of the Continental case this Court, since it is otherwise convinced of the applicability of Section 1404(a), would be obligated to disregard the different jurisdictional basis of the *in rem* action and transfer that as well. Libellant, however, has asserted that there is no jurisdictional basis in Georgia, and respondents have not attempted to contradict that assertion. Nor can the Court read Continental as authorizing disregard of the *in rem* proceeding whether or not transfer of the *in personam* cause would be justified.

The consequences resulting from the denial of this motion are to be deplored. Libellant, probably in expectation of greater largesse here than in Georgia, will have his action tried in New York, a forum with which he and his cause have no connection whatever. Witnesses, records, files and other materials of the litigation will have to be brought here from a place many miles distant. If respondents are found liable, they must resort to a second proceeding in the Georgia courts against the Savannah Machine & Foundry Co. The Court remains unconvinced that such results constitute justice to the parties. The motion to transfer, however, must be and is denied.

So ordered.

### On Motion for Reargument or for Certification of Appeal

This is a motion by respondents for reargument or, in the alternative, for certification of an appeal pursuant to 28 U.S.C. § 1292(b). Libellant has objected to the Court's hearing the motion on grounds of timeliness, but this objection is devoid of merit. See Fed.R.Civ.P. 6(a), 28 U.S.C., and, in particular, 5(b) ("Service by mail is complete upon mailing.")

Respondents' original motion was for a transfer of this personal injury action to Georgia under 28 U.S.C. § 1404(a). In an extensive opinion dated July 26, 1962, this Court denied the motion. Respondents now assert that the Court erred in assuming that this was an *in rem* action when it was in fact *in personam,* and that the Court misconstrued the holding of the Supreme Court in Continental Grain Co. v. Barge FBL—585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

Neither of these assertions warrants the relief requested. Whatever labels respondents may choose to put upon the action, the fact remains that the crucial time for determining jurisdiction in the transferee forum is at the time of suit. At the time of suit there was no basis for jurisdiction in Georgia.

As to the Continental case, the Court stated in its earlier opinion that that case went no further than to authorize transfer of an *in rem* proceeding when there was also a basis for transfer of the *in personam* action to which it was joined. The Court adheres to its earlier reading and its belief that Continental does not authorize transfer on the facts here.

Accordingly, both respondents' renewal of their motion to transfer to the Southern District of Georgia, Savannah Division, and the motion for certification are denied.

It is so ordered.

8. Respondents' present consent is, of course, insufficient to authorize transfer, Hoffman v. Blaski, supra note 5.