Michael Lawrence **FINE**, Petitioner,

v.

The Honorable Matthew F. **McGUIRE**,
United States District Judge,
Respondent.

No. 24177.

United States Court of Appeals,
District of Columbia Circuit.

May 15, 1970.

---

**500**

Messrs. Fred R. Joseph, Karl G. Feissner, William L. Kaplan, Thomas P. Smith and Andrew E. Greenwald, Hyattsville, Md., for petitioner.

Messrs. Morton Hollander and Reed Johnston, Jr., Washington, D. C., entered appearances for respondent.

Before LEVENTHAL, MacKINNON and WILKEY, Circuit Judges.

PER CURIAM:

On April 22, 1970, petitioner filed suit in the district court seeking an order in the nature of mandamus against the director and others in the Selective Service System that he was entitled to a statutory I-S deferment under this Court's decision in Nestor v. Hershey, 138 U.S. App.D.C. 73, 425 F.2d 504 (decided December 16, 1969). On April 23, 1970, the case was transferred by the District Court, sua sponte, and without notice or hearing to the parties, to the District of Maryland where petitioner's local board is located. Petitioner then brought petition in the nature of mandamus in this Court seeking to vacate the transfer. We ordered response to the petition, referring to the question posed by the order of transfer, without any opportunity for hearing, of a complaint similar in its allegations to Nestor.[1]

Having considered the moving papers and response, we conclude that the trial court's action in transferring this complaint without hearing is error that requires prompt correction by this court.

The government argues that this court lacks mandamus jurisdiction to re-

---

1. Simultaneously we stayed petitioner's induction pending further order of this Court and requested the District of Maryland to return the file in the District Court action to this jurisdiction to permit orderly consideration of this matter. We have now received the transmitted file.

view a transfer of venue citing Great Northern Ry. v. Hyde, 238 F.2d 852 (8th Cir. 1956), affd. on rehearing, 245 F.2d 537, cert. denied, 355 U.S. 872, 78 S.Ct. 117, 2 L.Ed.2d 77 (1957). That position is incorrect. Great Northern Ry. was overruled in McGraw Edison Co. v. Van Pelt, 350 F.2d 361 (8th Cir. 1965) (*en banc*). Following an extensive analysis, the Second Circuit has concluded that there is a mandamus jurisdiction "to correct the disposition of a transfer motion by the District Court, even where the District Court has purported to consider proper factors" and that this is the view reflected in the "great majority of recent appellate decisions", A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 443 (2d Cir. 1966). We think the kind of occasion requiring appellate mandamus intervention is presented when there is a transfer without any opportunity for hearing or argument of a complaint that parallels the one this Court held could properly be lodged in the District of Columbia (*see* Nestor v. Hershey, *supra*).

The government's answer claims there are facts that distinguish this case from *Nestor* and may warrant transfer to the District of Maryland. And indeed the District Court's order bears the notation "Nestor case can be distinguished". However, we see no distinction in terms of the allegations of the complaint. If the District Judge acted upon the basis of facts not in the complaint, he had a duty to give the plaintiff an opportunity for hearing and argument, in order that these assumed facts could be duly verified and perhaps explained.

 It is appropriate to observe that while the discretion conferred by 28 U.S.C. § 1404(a) is broad it is not untrammeled. That statute provides for transfers to accomplish change of venue "for the convenience of parties and wit-

nesses, in the interest of justice". The Revisers' Note states that the new subsection "requires the court to determine that the transfer is necessary for the convenience of the parties and witnesses" and further that it is in the interest of justice. Although the statutory procedure of transfer is softer than the outright dismissal required by the old doctrine of *forum non conveniens*, and the statute confers broader discretion on the judge than the older doctrine, it still requires the court to give consideration to the traditional factors, including the plaintiff's choice of forum, Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955). It is fair to suppose that the general contemplation was that transfer under 1404 would be triggered by a motion. This is not to say that a district judge may not initiate consideration of the convenience factor, but ordinarily at least he will not take action unless a party, and that party can be the plaintiff, files an appropriate motion, Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782 (6th Cir. 1961). In any event, as a matter of fundamental fairness the judge must accord an opportunity to be heard at least whenever there is a possibility that the hearing may develop facts bearing on the decision to be made, Swindell-Dressler Corp. v. Dumbauld, 308 F.2d 267 (3rd Cir. 1962).[2]

 In regard to Selective Service cases a complaint that alleges denial of a legal right by virtue of an instruction of the Director of the Selective Service makes out a case for venue in the District of Columbia, and also inherently presents a factor of convenience in testing at the seat of the government the validity of instructions that issue from national headquarters. This is prima facie, at least, a reasonable choice by plaintiff and it cannot be overturned by the Dis-

---

2. We need not here consider to what extent informality of procedure is appropriate for exceptional classes of cases where the convenience of the parties and witnesses are so clear-cut that a *per se* rule of law for transfer has evolved. Compare Young v. Director, U. S. Bureau of Prisons, 125 U.S.App.D.C. 105, 367 F.2d 331 (1966). Such informality is to be carefully limited to be certain that fundamental rights of hearing are not swept away by an undue assumption that a hearing could yield no information pertinent to the issue of transfer.

trict Judge without giving plaintiff an opportunity to present facts that bear on convenience of the parties and witnesses, facts that would at least seem to involve the question what witnesses are in contemplation on either side in view of the nature of the action.[3]

Since the papers in the District Court action have been returned to this jurisdiction (see note 1), we follow our normal course, namely that of not entering any order directed to the District Judge, but rather transmitting our opinion to the District Court to permit further consideration consistent with this opinion.[4]

So ordered.

3. *Nestor* keeps open the possibility of transfer of an action where "the role of the Director is not so immediate and direct as it is in the instant case" and "the controvery has no strong ties to this jurisdiction". However, this would depend on the issue involved in the individual case and would require an affirmative showing by the Selective Service System undercutting the presumed convenience of testing national headquarters' instructions at the seat of government.

4. Our stay of induction (note 1) will continue in effect pending further proceedings. Leave is granted to the District Court to modify or vacate our stay if it concludes after a hearing that this course is in the interests of justice.