511 F.2d 804
 167 U.S.App.D.C. 238
 Mary Alice RELF, Minnie Relf and Katie Relf, by and through
their next friend, Lonnie Relf, Petitioners,
v.
The Honorable Oliver GASCH, Judge, United States District
Court for the District of Columbia, Respondent.
 No. 74--1710.
 United States Court of Appeals,
District of Columbia Circuit.
 April 3, 1975.
 
 Henry E. Weil and Harvey A. Jacobs, Bethesda, Md., were on the petition for writ of mandamus.
 Before ROBINSON, ROBB and WILKEY, Circuit Judges.
 Opinion for the Court filed by Circuit Judge ROBINSON.
 Concurring Opinion filed by Circuit Judge ROBB.
 SPOTTSWOOD W. ROBINSON, III, Circuit Judge:
 
 
 1
 Petitioners seek a writ of mandamus directing respondent, a United States District Judge for the District of Columbia, to vacate an order transferring their civil action to the United States District Court for the Middle District of Alabama. The strong possibility that respondent lacked jurisdiction to transfer the action under 28 U.S.C. § 1404(a)[1] necessitates reconsideration of the transfer order in light of the issues discussed in this opinion. Our disposition of the petition for mandamus provides that opportunity.I
 
 
 2
 The petition alleges that on June 14, 1973, the three respondents, all minors, were subjected to surgical tubal sterilization in Montgomery, Alabama, without the informed consent of their parents. It further alleges that claims for damages caused by the sterilizations were unsuccessfully presented to appropriate governmental agencies.[2] On February 4, 1974, petitioners initiated a lawsuit[3] in the District Court for the District of Columbia against the United States[4] and six individuals now or formerly federal employees.[5] The dominant theme of the suit is that the sterilizations were proximately caused by the defendant's negligent failure to provide controls for such operations and by wanton suppression of federal sterilization guidelines.
 
 
 3
 The first six counts of petitioners' complaint undertake to state causes of action against all defendants under the Federal Tort Claims Act.[6] Each, as well as all other counts, alleges that the individual defendants at the times material 'were acting within the scope of their office and employment.' If that were so, these defendants would not be personally liable on the first six counts even if petitioners in other respects should prevail at trial.[7] We cannot readily interpret the complaint, however, as an endeavor to assert liability against the Federal Government only. The seventh count charges a conspiracy to interfere with petitioners' civil rights[8]--a charge not grounded on the Federal Tort Claims Act--and we note without deciding that this count may well have been designed to advance claims against the individual defendants personally, based on a conspiracy that allegedly took place in the District of Columbia. And while the eighth count is one for negligence naming only the United States, the ninth is for negligence against all defendants generally. Additionally, the complaint, even outside the conspiracy count, is peppered with allegations, that, if proven, might support personal judgments against the individual defendants, a likely explanation for their otherwise pointless inclusion. In sum, the complaint encompasses causes of action against the Government, but perhaps in some instances also against the individual defendants personally.
 
 
 4
 The defendants moved to transfer the action to the District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1404(a). Respondent ordered the transfer, in the language of the statute, 'for the convenience of parties and witnesses, in the interest of justice.'[9] Respondent filed a memorandum stating his rationale for the order, and on the same day the petition for mandamus was presented to this court.
 
 II
 
 5
 Section 1404(a) restricts the District Court's discretion to transfer a civil action by confining the transfer to a judicial district 'where it might have been brought.'[10] This limitation, like the earlier doctrine of forum non conveniens,[11] imposes two prerequisites to transferability. Venue must be proper in the transferee district;[12] in addition, the defendants must be subject to the process of the federal court in the transferee district at the time the action was originally filed.[13] Venue for petitioner's action against the Government might have been proper in the Middle District of Alabama.[14] But the record before us does not clearly establish that proposition for the individual defendants, for venue as to them is not proper if petitioners' goal is personal liability.[15] This consideration points up the need to require clarification of petitioners' objective, by amendment of the complaint, before undertaking a ruling on transferability.[16]
 
 
 6
 Equally importantly, the transferee court's jurisdiction over the individual defendants[17] is also questionable. The indications are that those defendants were not within the transferee district when the events constituting petitioners' causes of action transpired, and as a result were beyond the reach of the process of the transferee court when petitioners' suit was filed.[18] Moreover, at least two of these defendants left federal service prior to institution of petitioners' suit,[19] increasing the likelihood that they were not amenable to service of process from that court. Neither the transfer order nor the judge's explanatory memorandum deals with this possible lack of personal jurisdiction.
 
 
 7
 If the Middle District of Alabama is not a forum in which the original action 'might have been brought,' respondent was without power to order a transfer,[20] and mandamus would lie to rectify the error.[21] The record in present posture is inadequate to enable sound decisions on the jurisdictional questions discussed above.[22] They must be resolved before the propriety of a transfer can be determined, and that must be done, at least initially, in the District Court.[23] We issue no order to respondent for we assume that, with this opinion, he will undertake an appropriate reconsideration of the transfer order. Instead, we follow our usual practice of simply transmitting our opinion to the District Court to allow further proceedings consistent therewith.[24]
 
 
 8
 So ordered.
 
 ROBB, Circuit Judge (concurring):
 
 9
 I concur in the conclusion reached by the majority. The complaint alleges that 'At all times herein mentioned, the individual Defendants were regularly in the service and employ of the Defendant United States of America' and 'were acting within the scope of their office and employment.' This allegation is repeated in each of the other claims. If these allegations were true, and the action had been brought in Alabama, I think all the individual defendants could have been served pursuant to 28 U.S.C. § 1391(e). However, in their Memorandum of Points and Authorities in support of their motion to transfer, counsel for the defendants state 'all of the original named individual defendants have . . . left Government service'; and as Judge Robinson notes the defendants Dean and Ehrlichman left the federal service in 1973. The complaint was filed February 4, 1974. Since the crucial time in determining whether the action can be transferred is the time when suit is instituted, Hughes v. S.S. Santa Irene, 209 F.Supp. 440 (D.C.N.Y.1961), I conclude that the action against the defendants who left government service before the filing of suit probably could not be transferred.
 
 
 
 [1]
 'For the convenience of parties and witnesses in the interest of justice, a district court may transfer and civil action to any other district or division where it might have been brought.' 28 U.S.C. § 1404(a) (1970)
 
 
 [2]
 This presentation of claims was apparently to comply with the requirement of 28 U.S.C. § 2675 (1970)
 
 
 [3]
 Relf v. United States, Civ. No. 74--224 (D.D.C., filed Feb. 4, 1974)
 
 
 [4]
 The inclusion of the United States as a party defendant to the principal action was based on a theory of liability under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (1970). See text infra at note 6
 
 
 [5]
 John W. Dean, III, John D. Ehrlichman, Wesley Hjornevek, Dr. Leon Cooper, Dr. George Contis and Phillip Sanchez
 
 
 [6]
 See note 4, supra
 
 
 [7]
 Goddard v. Redevelopment Land Agency, 109 U.S.App.D.C. 304, 306--307, 287 F.2d 343, 345--346, cert. denied, 366 U.S. 910, 81 S.Ct. 1085, 6 L.Ed.2d 235 (1961). See 28 U.S.C. § 2676 (1970)
 
 
 [8]
 42 U.S.C. § 1985 (1970)
 
 
 [9]
 See note 1, supra
 
 
 [10]
 See note 1, supra
 
 
 [11]
 Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506--507, 67 S.Ct. 839, 842, 91 L.Ed. 1055, 1061--1062 (1947); Foster-Milburn Co. v. Knight, 181 F.2d 949, 952--953 (2d Cir. 1950)
 
 
 [12]
 Van Dusen v. Barrack, 376 U.S. 612, 619--620, 84 S.Ct. 805, 811, 11 L.Ed.2d 945, 951--952 (1964); Hoffman v. Blaski, 363 U.S. 335, 342--343, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254, 1261, 1262 (1960); Illinois Scientific Devs., Inc. v. Sirica, 133 U.S.App.D.C. 249, 250, 410 F.2d 237, 238 (1968). Where a case involves more than one cause of action, venue must be proper as to each claim. Jones v. Bales, 58 F.R.D. 453, 458 (N.D.Ga.1972), aff'd, 480 F.2d 805 (5th Cir. 1973); Locke Mfg. Co. v. Sabel, 244 F.Supp. 829, 830--831 (W.D.Ky.1965); 3A J. Moore, Federal Practice 18.07(1.--1), at 1906 (2d ed. 1974). This restriction may be undesirable where the parties and proofs for all causes of action are identical. See Laffey v. Northwest Airlines, Inc., 321 F.Supp. 1041 (D.D.C.1971). In this case, however, the parties differ by counts of the complaint, see text supra at notes 6--8, and proof of a cause of action against the individual defendants is not the same as proof of a cause of action against the
 United States.
 
 
 [13]
 Van Dusen v. Barrack, supra note 12, 376 U.S. at 619--620, 84 S.Ct. at 811, 11 L.Ed.2d at 951--952; Hoffman v. Blaski, supra note 12, 363 U.S. at 343, 80 S.Ct. at 1089, 4 L.Ed.2d at 1262; Foster-Milburn Co. v. Knight, supra note 11, 181 F.2d at 952; Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); Cessna Aircraft Co. v. Brown, 348 F.2d 689, 692 (10th Cir. 1965). Even if some, but not all, of the defendants are amenable to service of process of the transferee court, the case cannot be transferred under § 1404(a). Shutte v. Armco Steel Corp., supra; Ferri v. United Aircraft Corp., 357 F.Supp. 814, 816 (D.Conn.1973)
 
 
 [14]
 28 U.S.C. §§ 1346(b), 1402(b) (1970)
 
 
 [15]
 As the complaint reveals, the gravamen of petitioners' action is not the events in Montgomery, Alabama, but the omission of controls and the suppression of federal guidelines by federal employees in the District of Columbia. The only possible basis for venue in the Middle District of Alabama for the cause of action against the individuals is 28 U.S.C. § 1391(e) (1970). That section provides in relevant part that '(a) civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, . . . may, except as otherwise provided by law, be brought in any judicial district in which: . . . (4) the plaintiff resides if no real property is involved in the action.' That provision obviously applies to a federal officer or employee sued in his official capacity, even though the Government is also a party defendant. Metz v. United States, 304 F.Supp. 207, 209--210 (W.D.Pa.1969)
 Cf. Liberation News Service v. Eastland, 426 F.2d 1379, 1382 n. 5 (2d Cir. 1970). But § 1391(e) does not come into operation when an action is brought against an officer or employee individually. Paley v. Wolk, 262 F.Supp. 640, 642--643 (N.D.Ill.1965), cert. denied, 386 U.S. 963, 87 S.Ct. 1031, 18 L.Ed.2d 112 (1967). See also note 18, infra, and accompanying text; Natural Resources Defense Council, Inc. v. TVA, 459 F.2d 255, 257 n. 3 (2d Cir. 1972). This discussion and the discussion in note 18, infra, should not be taken as a conclusion that any of the individual defendants are 'officers' within the meaning of § 1391(e) or Fed.R.Civ.P. 4(d)(5).
 
 
 [16]
 See Fed.R.Civ.P. 15(a), (c)
 
 
 [17]
 See 28 U.S.C. § 1391(e) (1970), providing that the summons and complaint in a civil action wherein each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority 'shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought'; Fed.R.Civ.P. 4(d)(5), providing that service of the summons and complaint shall be made '(u)pon an officer or agency of the United States, by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency . . .'
 
 
 [18]
 Like § 1391(e), see note 15, supra, Fed.R.Civ.P. 4(d)(5) applies only if a claim is stated against a federal officer in his official capacity; in actions involving a federal officer individually, the rule is not available. Mecartney v. Hoover, 151 F.2d 694 (7th Cir. 1945); Green v. Laird, 357 F.Supp. 227, 229--230 (N.D.Ill.1973); United Brick & Clay Workers v. Robinson Clay Prod. Co., 64 F.Supp. 872, 874 (N.D.Ohio 1946). Rule 4(e) is inapplicable because the Alabama long-arm statute permits out-of-state service on a nonresident only if the nonresident is doing business or performing work in the state. Ala. Code Tit. 7, § 199(1) (Supp.1973)
 
 
 [19]
 John W. Dean, III and John D. Ehrlichman, former members of the White House Staff, left federal service on April 30 and May 19, 1973, respectively. See House Comm. on the Judiciary, Impeachment of Richard M. Nixon, President of the United States, H.R.Rep.No. 1305, 93rd Cong., 2d Sess. 14--15 (1974)
 
 
 [20]
 Farrell v. Wyatt, 408 F.2d 662, 664 (2d Cir. 1969); Foster-Milburn Co. v. Knight, supra note 11, 181 F.2d at 951
 
 
 [21]
 Starnes v. McGuire, 166 U.S.App.D.C. ---, 512 F.2d 918 (1974) (en banc); Fine v. McGuire, 139 U.S.App.D.C. 341, 342--343, 433 F.2d 499, 501--502 (1970); Wiren v. Laws, 90 U.S.App.D.C. 105, 106, 194 F.2d 873, 874 (1951); A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 443 (2d Cir. 1966)
 
 
 [22]
 We have not ordered a response to the petition for this reason, and also because the issues are best resolved in the District Court where all parties to the principal litigation may better participate. See Fed.R.App.P. 21(b)
 
 
 [23]
 See note 22, supra
 
 
 [24]
 Fine v. McGuire, supra note 21, 139 U.S.App.D.C. at 344, 433 F.2d at 502; Reed Enterprises v. Corcoran, 122 U.S.App.D.C. 387, 392, 354 F.2d 519, 524 (1965). Cf. Thornton v. Corcoran, 132 U.S.App.D.C. 232, 240, 407 F.2d 695, 703 (1969)