Gary L. **MISKO**, Plaintiff,

v.

**UNITED STATES**,* et al., Defendants.

Civ. A. No. 77–0874.

United States District Court,
District of Columbia.

Jan. 9, 1978.

---

* The complaint names the United States Army but not the United States. Since the only claim asserted against the Army is under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1970), it is clear that plaintiff intended to sue the United States as is required by the Act. Both parties have argued the instant motions as if the defendant were the United States; the Court will therefore order the substitution of the United States for the United States Army on the complaint.

Leonard S. Rubenstein, Washington, D. C., Hirschkop & Grad, Alexandria, Va., for plaintiff.

Robert N. Ford and William H. Briggs, Jr., Asst. U. S. Attys., Washington, D. C., for defendants.

## MEMORANDUM OPINION

SIRICA, District Judge.

This is an action by a former officer of the Virginia National Guard against the United States and five named individuals,[1] all Army medical doctors or personnel, for injuries allegedly sustained while plaintiff was on active duty with the national guard. The case is presently before the Court on defendants' motions to dismiss.

The United States has moved to dismiss on a claim of immunity. Four of the individual defendants have moved to dismiss on an immunity theory and on the grounds of insufficiency of process and lack of personal jurisdiction. The fifth individual defendant grounds his motion on the immunity, process, and personal jurisdiction theories, but in addition, asserts that venue in this forum is improper and that the action against him is barred by the applicable statute of limitations. For the reasons that follow, the Court believes that the personal jurisdiction and venue objections must be resolved before the other claims are addressed, but that the parties should be given an opportunity to supplement the record or submit additional argument on the venue issue presented by defendant Bruce Lockwood.

---

1. The complaint names seven individuals. The sixth named defendant, Dr. Jeffrey C. Hutzler, has never been served and is therefore not a party to this action. The seventh defendant, Col. Gilbert Sullivan, is no longer a party as a result of a stipulation for dismissal approved by the Court on September 1, 1977.

## Background

The factual background necessary for the purposes of this memorandum can be briefly stated.[2] In June of 1974, while on active duty with the Virginia National Guard at Camp Pickett Virginia, the plaintiff was assigned to supervise a mortar firing range. He became very concerned about safety conditions at the range, and reported his concerns to his superior officers. As a result, and apparently because at least one superior believed that he had exhibited unusual and unstable behavior (Answer of Defendant Sullivan at 4), plaintiff was ordered to report to Kenner Army Hospital at Fort Lee, Virginia for psychological evaluation. After being examined at Fort Lee by defendant Bruce Lockwood, among others, plaintiff was transferred to the Walter Reed Army Medical Center on July 2, 1974. Lockwood had diagnosed plaintiff as having suffered an "acute psychotic break." Plaintiff was confined to the psychiatric ward at Walter Reed until sometime in October 1974. During his stay plaintiff was treated by defendants Bank and Kolb, among others. In October a medical board at Walter Reed composed of defendants Bank, Jones, and Febo concluded that "plaintiff was medically unfit for military service on the basis of their diagnosis of plaintiff as an acute paranoid schizophrenic." Complaint at 5.

Plaintiff's claims are essentially that the Army personnel responsible for his treatment administered drugs and kept him confined against his will and in the absence of medical justification. His cause of action is twofold: that the individual defendants therefore violated his fifth amendment rights to liberty and due process of law and that they were negligent in not providing him with good and competent medical care.

2. Except as otherwise indicated, the facts are taken from the allegations of the complaint, which the Court will accept as true for the purposes of this memorandum.

3. Compare Briggs v. Goodwin with Relf v. Gasch, 167 U.S.App.D.C. 238, 511 F.2d 804 (1975).

4. See note 7 infra.

## Section 1391(e)

The Court has determined that the focus for its evaluation of the personal jurisdiction, service of process, and particularly, the venue objections raised by the defendants must be 28 U.S.C. § 1391(e) (1970), as amended by Act of Oct. 21, 1976, Pub.L.No. 94–574, § 3, 90 Stat. 2721. The controlling law in this circuit with regard to section 1391(e) has been, to say the least, substantially affected by Briggs v. Goodwin, No. 75–1578, D.C.Cir., 569 F.2d 1 (1977),[3] a case decided during the pendency of most of the instant motions.

Section 1391(e) is a specialized venue provision. It offers an extremely broad choice of fora in any "civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority or an agency of the United States, or the United States [4] . . . ." In such an action, venue is properly laid in "any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action." Furthermore, the section contains a provision for nationwide service of the summons and complaint by certified mail in a civil action in which "a defendant" is in the prescribed class. Perhaps more important, this provision for nationwide service of process, which is a "statute of the United States" referenced in Rule 4(e) and (f) of the Federal Rules of Civil Procedure, not only authorizes a particular manner of service, but speaks to general amenability to service, i. e., in personam jurisdiction, as well. Driver v. Helms, 74 F.R.D. 382 (D.R.I.1977);[5] see

5. Chief Judge Pettine's opinion in the Driver case contains an extremely illuminating discussion of both the venue and service of process provisions of section 1391(e), and the applicability of those provisions in damage actions against government officials. See 74 F.R.D. at 387–400.

*Briggs v. Goodwin*, No. 75–1578, 569 F.2d at 7–10 (1977).

█ At the time this action was filed, and during the pendency of the instant motions, there had been substantial authority in this circuit suggesting that section 1391(e) might not be applicable to civil actions against government officials or employees sued in their individual, as opposed to their official, capacities. *See Relf v. Gasch*, 167 U.S.App.D.C. 238, 511 F.2d 804 (1975). It is now clear, however, that the law in this circuit is otherwise. Where government officials or employees are sued for money damages, *i. e.*, in their individual capacities, section 1391(e) is applicable to the extent that the official has inflicted injury "under color of legal authority." *Briggs v. Goodwin*, 569 F.2d at 3–7; *accord, Driver v. Helms*, 74 F.R.D. 382 (D.R.I.1977). Unless the action is brought "against persons who just happen to be, or to have been, federal officials", it comes within the ambit of section 1391(e). *See Briggs v. Goodwin*, 569 F.2d at 7.

█ The five named defendants in the instant case were sued in both their official and individual capacities, but the only claim for relief stated against them is for money damages. In substance, then, this action is brought against the named defendants in their individual capacities only. Furthermore, the allegations of the complaint make clear that the defendants were at all times acting within the scope of their official duties as Army medical personnel. As such, each was "acting in his official capacity or under color of legal authority" as required by the language of the statute. The Court therefore holds that this action lies squarely within the ambit of section 1391(e).

█ Normally, of course, such a determination would put to rest any question as to sufficiency of service, personal jurisdiction, or venue, at least as to any federal

officials involved. The venue provisions of section 1391(e) are extremely broad; as the Court has noted, service of process can be accomplished nationwide by certified mail, and there is generally no difficulty with amenability to process. In the instant case, however, it is arguable that none of the four venue possibilities of the statute apply.[6]

## The Instant Motions

Although the Court perceives substantial venue issues as to all the defendants, only defendant Lockwood has objected to venue in this judicial district. The other named defendants (hereinafter referred to as the Walter Reed defendants) have already been permitted to amend their motions to dismiss to bring in additional grounds, but did not include venue as a ground for dismissal in their amended motions. Order of Oct. 27, 1977 (granting defendants' motion to amend motions to dismiss). At this time, the Walter Reed defendants must be deemed to have waived any objection to improper venue. *See* Fed.R.Civ.P. 12(h). Similarly, the United States has raised no objection to venue in this forum, although it too might well have raised such an objection successfully. *See* note 7 *infra*. Therefore, due to these waivers of objections to venue, the instant motions as to venue, service of process, and personal jurisdiction, have been left in an unusual posture.

Plaintiff is a resident of Virginia and there is no real property involved in this action. The venue question under section 1391(e) therefore turns on whether "a defendant in the action resides" in the District of Columbia or whether "the cause of action arose" here. 28 U.S.C. § 1391(e)(1)–(2) (1970). Even though the only venue objection has been raised by defendant Lockwood, this means that the Court must inquire as to the residence of the Walter Reed defendants[7] or must be satisfied that the

---

**6.** *See* note 8 *infra*.

**7.** Plaintiff's response to the amended motion of the Walter Reed defendants to dismiss contains a brief reference to section 1391(e) wherein

plaintiff states that "a defendant" clearly resides in the District since one of the defendants is the United States. A 1976 amendment added the phrase "or the United States" to the list of categories of defendants whose inclusion in

cause of action arose in the District. Second, if it appears that venue as to defendant Lockwood is improper, the Court must determine whether he should be dismissed from the action, or rather, whether the entire action should be transferred to a forum where venue is proper as to all parties. *See* 15 C. Wright & A. Miller, *Federal Practice and Procedure* § 3807, at 40–41 (1976). Finally, service and personal jurisdiction objections have been raised by the Walter Reed defendants. If venue in this district is proper under section 1391(e), then the nationwide service of process provision of the same section provides a clear answer to these objections. If, however, venue, although waived, would have been improper as to these defendants, there is the further issue as to the applicability of the service of process provision in these peculiar circumstances.

■ With regard to the venue objection which has been timely raised, the Court holds that the official residence of the federal defendants must control. Although this issue was not addressed directly by the Court of Appeals in *Briggs*, it is a fair implication from the court's opinion that official residence is the relevant inquiry under section 1391(e) when officials are sued, as here, in their individual capacity for acts committed under color of legal authority. *See Briggs v. Goodwin*, 569 F.2d at 2–3.

There is no question that official residence must be looked to in suits against federal officials in their official capacity. *See, e. g., Nestor v. Hershey*, 138 U.S.App. D.C. 73, 90 & n.22, 425 F.2d 504, 521 & n.22 (1969). The Court of Appeals has now determined that section 1391(e) applies equally to actions against officials sued for damages in their individual capacities, so long as the activities complained of were undertaken under color of legal authority. This Court can discern no reason why the residence inquiry should be different in an individual capacity suit.[8] It is only where the action is "brought against persons who just happen to be, or to have been, federal officials" that 1391(e) is inapplicable and the inquiry, probably under section 1391(a), will be into personal residence.

■ As the record now stands, it appears to the Court that the official residence of all named defendants might well be either Maryland or Virginia. *See* Affidavit of Fred C. Brand & Complaint at 2. But because the parties have not had an opportunity to argue this issue or establish a record in this regard, they will be given a

an action brings it within the ambit of 1391(e). Act of Oct. 21, 1976, Pub.L.No. 94–574, § 3, 90 Stat. 2721. Other provisions of the 1976 act removed the defense of sovereign immunity in civil actions for review of administrative action and gave plaintiffs the alternatives of naming an agency, the United States, or an appropriate officer as a party-defendant in such actions. H.R.Rep.No. 1656, 94th Cong., 2d Sess. 1, *reprinted in* [1976] 5 U.S.Code Cong. & Admin. News pp. 6121, 6121–22.

Although not discussed in the legislative history, the amendment to 28 U.S.C. § 1391(e) which added "or the United States" to the first sentence of the section was apparently designed to bring the applicable venue provision into conformity with the other review of administrative action amendments. One of those amendments gave plaintiffs the option of naming the United States as a party-defendant in an action seeking review of administrative action. *See* Act of Oct. 21, 1976, Pub.L.No. 94–574, § 1, 90 Stat. 2721 (amending 5 U.S.C. § 703 (1970)). This certainly does not mean that any action in which venue is grounded on section 1391(e) can automatically be brought in the

District of Columbia by naming the United States as a defendant, or that such an action may be brought anywhere in the United States because the United States is a resident of every judicial district. As a general matter, the "residence" of the United States is simply not relevant for venue purposes. In any event, the United States is sued in the instant action under the Federal Tort Claims Act and not in order to obtain a review of administrative action. As such, 28 U.S.C. § 1402(b) is the relevant venue section and it requires, absent a waiver, that the action be brought in the district of the plaintiff's residence or where the acts complained of occurred.

8. This is not to say, of course, that a plaintiff seeking to bring an action against a number of federal officials could not satisfy the generally more restrictive venue requirements of 28 U.S.C. § 1391(b). If *all* defendants had *personal* residence in the same judicial district, and if that district were different from the district of any *official* residence involved, then 1391(b) could provide an additional venue opportunity.

short period of time in which to do so. For example, information regarding the special orders of the defendants and their official duty stations would appear highly relevant to this inquiry.

The alternative possibility under section 1391(e), that venue in this district is proper because the cause of action arose here, is equally underdeveloped in the record. Although most, if not all, of the actions giving rise to plaintiff's alleged injury appear to have occurred in Maryland and Virginia, the parties will be given an opportunity to provide additional information in this regard as well.

The parties will also be requested to address themselves to the question of the proper course of action for this Court to take should it be determined that venue, as to defendant Lockwood, is improper.

■ Finally, with regard to the issues of service of process and in personam jurisdiction raised by the Walter Reed defendants, the Court will deny defendants' motion. If venue under section 1391(e) is ultimately determined to be proper with regard to these defendants for purposes of resolving defendant Lockwood's objection, then these other motions are clearly without merit. Even if venue is not proper, however, it would take a highly technical reading of the statute to find that federal defendants who have waived a venue objection should somehow "escape" the normal nationwide reach of the statute's service and personal jurisdiction provision simply because venue in this district would have been improper. Furthermore, the language of section 1391(e) is consistent with this result. The service provision is contained in a separate paragraph which begins: "The summons and complaint *in such an action* . . . ." (emphasis added). The "in such an action" language refers to the following first paragraph language: "A civil action in which a defendant is an officer or employee of the United States or any agency thereof . . ." As has already been stated, this is "such an action" and the Court will therefore deny these motions.