**Paul LAWRENCE, Plaintiff,**

v.

**Vernon A. ACREE et al., Defendants.**

**Civ. A. No. 78–0598.**

United States District Court,
District of Columbia.

Aug. 23, 1978.

Robert M. Tobias, Washington, D. C., for plaintiff.

R. Craig Lawrence, Asst. U. S. Atty., for defendants.

MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

Plaintiff has brought this action for punitive and compensatory damages under the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1985(1), against four Federal

---

civil servants, Vernon Acree, William A. Magee, Glenn R. Dickerson and James O'Brien, all of whom were agents of the United States Customs Service during the time period relevant to this action. Defendants Magee and O'Brien were employed in the Internal Affairs division of the Customs Service while defendants Acree and Dickerson were the plaintiff's superiors in their capacities as Commissioner and Deputy Commissioner, respectively, within the Customs Service national office.

The plaintiff is a former Commissioner of U.S. Customs, Region III, one of nine U.S. Customs Service regions. The complaint generally tracks the language of 42 U.S.C. § 1985(1) in its assertions of conspiracy and specifically alleges that defendant (1) withheld pay increases to which plaintiff was entitled; (2) conducted unjustified audits and investigations of plaintiff's activities as Regional Commissioner; (3) unjustifiably proposed removal of plaintiff from his position as a federal officer; and (4) rendered an unjustified "poor" evaluation of plaintiff's performance as a Regional Commissioner. Plaintiff has sued each of the defendants "in his individual capacity" and seeks a total of $3,000,000.00 in compensatory and punitive damages.

This action is before the Court on defendants' motions to dismiss.[1] Upon consideration of defendants' motions, memoranda of points and authorities in support thereof and in opposition, the entire record and for the reasons set forth below, defendants' motions to dismiss are granted.

■ Fed.R.Civ.P. 4(d)(5), which prescribes the proper mode of service upon officers of the United States such as defendants, requires that service of a copy of the summons and complaint "shall be made" upon the United States as well as upon the officer. Fed.R.Civ.P. 4(d)(4) governs service upon the United States and requires that service of a copy of the summons and complaint be made upon both the United States Attorney General and the

United States Attorney for the district in which the action is brought. It is clear, however, that service under Rule 4(d)(4) does not obviate the requirement of personal service under Fed.R.Civ.P. (4)(d)(1) where the action is in substance against a federal official in his individual capacity. *See Relf v. Gasch*, 167 U.S.App.D.C. 238, 242, 511 F.2d 804, 808 n. 18 (1975); *Griffith v. Nixon*, 518 F.2d 1195 (2d Cir. 1975); *Mecartney v. Hoover*, 151 F.2d 694 (7th Cir. 1945); 2 Moore's Federal Practice ¶ 4.29 at 1206 (2d ed. 1977).

The affidavits of service filed by the special process server do not indicate where defendants Dickerson and Magee were served. The marshal's service forms reflect that defendant Acree was served in Virginia and that personal service on defendant O'Brien was accomplished in Hollywood, Florida. Plaintiff has failed to plead a rule or statute authorizing extra-territorial service in the manner shown by the marshal's returns. *See* Fed.R.Civ.P. 4(d)(7) and 4(f). 28 U.S.C. § 1391(e) does, however, allow for extra-territorial service by certified mail. The Court assumes that the always preferred method of personal service made beyond the territorial limits of the District of Columbia is within the permissive service provisions of Section 1391(e) as well.

■ The issue before the Court is whether "given proper service under Fed.R.Civ.P. 4(d)(1), is service also required in compliance with Fed.R.Civ.P. 4(d)(5) in a suit against a federal officer in his individual capacity where the actions complained of relate to his or her duties?" Plaintiff admits that he has not served the United States in compliance with Fed.R.Civ.P. 4(d)(5) and argues that such service is not required.

As previously noted, plaintiff does not request relief which would affect defendants in their official capacities but only asserts individual liability. *See Green v. Laird*, 357 F.Supp. 227, 229–330 (N.D.Ill. 1973). Although the action is formally brought against each defendant "in his indi-

---

1. Though each defendant is represented by the United States Attorney for the District of Columbia, there are two separate motions before the Court, one made on behalf of defendants Acree, Magee and O'Brien, the other made on behalf of defendant Dickerson.

vidual capacity" there exists a readily apparently distinction between suits brought against a federal officer for acts performed in a purely personal capacity (e. g. breach of contract to purchase a private residence) and those alleging that a federal officer exceeded the limits of his authority while acting under color of legal authority as in the present case. *See* 2 Moore's Federal Practice ¶ 4.29 at 1207 (2d ed. 1977).

Clearly, if this action were brought against defendants on the basis of actions unrelated to their duties as federal officers, service under Fed.R.Civ.P. 4(d)(5) would not be required. The Court of Appeals decision in *Relf v. Gasch*, 167 U.S.App.D.C. 238, 511 F.2d 804 (1975), later explained in *Briggs v. Goodwin*, 186 U.S.App.D.C. 170, 569 F.2d 1 (1977), assumed "that actions brought against persons who just happen to be, or to have been, federal officials are not within the ambit of Section 1391(e). . . . " *Briggs v. Goodwin, supra,* 186 U.S.App.D.C. at 176, 569 F.2d at 7. *See Relf v. Gasch,* 167 U.S.App.D.C. 238, 241, 242, 511 F.2d 804, 807, 808 nn. 15 & 18 (1975). The *Briggs* decision, however, makes it clear that Section 1391(e) is available to plaintiffs in personal damage suits against federal officials for actions taken under color of legal authority. The Court interprets notes 15 and 18 in *Relf v. Gasch* and *dicta* found in note 58 of the *Briggs* opinion as indications that the Court of Appeals for the District of Columbia has determined that the provisions of 28 U.S.C. § 1391(e) and Fed.R.Civ.P. 4(d)(5) operate in tandem. Accordingly, the service provisions of Fed.R. Civ.P. 4(d)(5) are triggered by personal damage actions against federal officers for actions taken under color of legal authority.

The Court also finds support for its decision in the practical effect of an action brought against a federal officer. The United States, either through the Department of Justice or the office of the local United States Attorney, will defend federal officials in lawsuits based on actions taken in their official capacity or under color of

legal authority. It is clear that the requirements of Fed.R.Civ.P. 4(d)(5) must be met in order to assure that notice of the lawsuit will be received by those who will defend against the claims.

The holdings of decisions from other circuits cited by plaintiff such as *Griffith v. Nixon,* 518 F.2d 1195 (2d Cir. 1975) and *Mecartney v. Hoover,* 151 F.2d 694 (7th Cir. 1945) (and cases cited therein) are not contrary to the decision arrived at by this Court.[2] In each case cited, plaintiff failed to obtain personal service consistent with Fed.R.Civ.P. 4(d)(1) and 4(f) and accomplished service under Rule 4(d)(5) only. These decisions go no further than to hold that Fed.R.Civ.P. 4(d)(5) is not an instrument of evasion for a plaintiff who cannot otherwise obtain proper service in a personal damage action against a federal officer.

In summary, where defendant federal officers are sued either in their official capacities or for actions taken under color of legal authority, the service provisions of Fed.R.Civ.P. 4(d)(5) are applicable. This conclusion requires dismissal of this action.

**2.** The Court's own research uncovered the decision in *United Brick & Clay Workers of America v. Robinson Clay Product Co. et al.,* 64 F.Supp. 872 (N.D.Ohio 1946), a case squarely in

point reaching an opposite result. In arriving at its conclusion the *United Brick* court cited no authority and this Court declines to follow that result.