Marcus ROBERTSON, Plaintiff,

v.

Anthony K. MEROLA, Joy Lilly, Sally
Saliba, Willie B. Clemmons, and
Joe Brooks, Defendants.

Civ. A. No. 95–1003 (CRR).

United States District Court,
District of Columbia.

Aug. 2, 1995.

As amended Aug. 8, 1995.

Marcus P. Robertson, pro se.

W. Mark Nebeker, Asst. U.S. Atty., Civ. Div., with whom Eric H. Holder, U.S. Atty. for the District of Columbia, was on the papers, for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court in the above-captioned case is the Defendants' Motion to Dismiss. Upon careful consideration of the parties pleadings, the entire record herein, and the applicable law with respect thereto, the Court will GRANT the Defendants' Motion.

## I. BACKGROUND

Plaintiff, formerly a prisoner incarcerated at the Federal Correctional Institution at Sandstone, Minnesota, filed the instant action *pro se* and *in forma pauperis* alleging that the Defendants unlawfully kept him in custody beyond his term. Plaintiff claims that the Defendants thereby violated his rights under the First, Fifth, and Sixth Amendments.

While claiming that he was held in custody past the time of the completion of his sentence, Plaintiff recognizes that, at the time he completed his initial sentence, two other jurisdictions had lodged detainers against him. Complaint, ¶¶ 15–18, 25–27. Plaintiff further concedes that he received sentences after completing his federal sentence, the first on or about March 15, 1995 from a Pennsylvania court for a term of 3–6 years, the second on or about March 16, 1995 from a New York court for a term of 1–3 years. Plaintiff alleges, however, that the sentences were somehow deemed to have been served as of the dates they were imposed, *id.*, ¶¶ 25–26, and that "[t]he action and or non-actions of the defendants . . . individually and/or in conspiracy together . . ." violated Plaintiff's rights under the Due Process Clause when the Defendants refused to release him from prison and did not more quickly "contact the courts to process plaintiff's [Judgment and Commitment Orders]." *Id.*, ¶ 31. Plaintiff also claims that unspecified Defendants threatened him with disciplinary action because he made repeated telephone calls in an attempt to effect his release.

Plaintiff seeks compensatory damages in the amount of five hundred dollars, and punitive damages in the amount of two hundred and fifty dollars, for every day he was allegedly incarcerated after the expiration of his sentence against each of the Defendants in their individual capacities. In addition, Plaintiff, who was incarcerated at the time he drafted his Complaint, sought to have the Court declare his continued incarceration illegal and effect his immediate release. Plaintiff was subsequently released from federal custody.

## II. DISCUSSION

**Plaintiff's *Bivens* claims must be dismissed for want of jurisdiction, for improper venue, and for failure to state a claim upon which relief can be granted.**

Plaintiff invokes *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971), as the basis for recovery against the various Defendants in their individual capacities. However, because Plaintiff has failed to perfect service against any of the individual Defendants, because the Court would be unable to exercise personal jurisdiction over the nonresident Defendants, because venue does not lie in this district for Plaintiff's *Bivens* claims, and because Plaintiff has failed to satisfy the heightened pleading standard applicable to suits against government officials in their individual capacities, his *Bivens* claims must be dismissed.

**A. The Court is unable to exercise jurisdiction over the Defendants because Plaintiff has failed to effect proper service of process on them.**

■■■■ Because *Bivens* suits are suits against government officials in their individual, rather than their official, capacities, personal jurisdiction over the individual defendants is necessary to maintain a *Bivens* claim. *See Delgado v. Bureau of Prisons,* 727 F.Supp. 24 (D.D.C.1989); *Lawrence v. Acree,* 79 F.R.D. 669, 670 (D.D.C.1978). Proper service of process upon defendants is necessary to obtain jurisdiction over defendants in their individual capacities. *Pollack v. Meese,* 737 F.Supp. 663, 666 (D.D.C.1990). Failure, therefore, to perfect service of process is fatal to a *Bivens* action. *Id.*

■■■■ Rule 4 of the Federal Rules of Civil Procedure requires that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his [or her] dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. FED.R.CIV.P. 4(e)(2). Service on the Attorney General and the United States Attorney for the district in which the action is brought, pursuant to the rules applicable to suits against officials in their official capacity

"does not obviate the requirement of personal service . . . where the action is against a federal official in his [or her] individual capacity." *Lawrence,* 79 F.R.D. at 670. Accordingly, because Plaintiff has failed to effect service of process on the Defendants, the Court is unable to exercise jurisdiction over them and the *Bivens* action against them must therefore be dismissed.

**B. The Court cannot exercise jurisdiction over Defendants Clemmons and Brooks.**

The District of Columbia long arm statute, D.C.Code § 13–423, is the only basis upon which personal jurisdiction may be obtained over defendants who do not reside within or maintain a principal place of business in the District of Columbia. *Reuber v. United States,* 750 F.2d 1039, 1049 (D.C.Cir.1984). The statute provides that a court in the District of Columbia may exercise personal jurisdiction over a defendant with regard to a claim arising from the defendant's

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he [or she] regularly does or solicits business, [or] engages in any other persistent course of conduct . . . in the District of Columbia.

D.C.Code § 13–423(a)(1)–(4) (1981).

■■■■ Defendants Clemmons and Brooke are employees of the Federal Bureau of Prisons who work in Minnesota. Because these Defendants are not alleged to conduct any business or make any contracts for services in the District of Columbia and because no injury is alleged to have been suffered in the District of Columbia, the Court cannot exercise jurisdiction over them.

**4**

### C. Venue does not lie in this district for Plaintiff's *Bivens* claims.

■ 28 U.S.C. 1391(e), the applicable venue provision for suits against federal officials in their official capacities, is inapplicable to suits against such officials in their individual capacities; rather, venue in such suits is governed by 28 U.S.C. § 1391(b), which provides that

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

■ Because all of the Defendants do not reside in the same state, venue cannot lie in this district under § 1391(b)(1). Further, because a substantial part of the alleged events or omissions giving rise to the Plaintiff's claims did not take place in the District of Columbia, but rather in Minnesota, New York, or Pennsylvania, venue cannot lie in this district under § 1391(b)(2).

### D. Plaintiff fails to state a claim upon which relief can be granted.

### 1. Plaintiff's *Bivens* claims against Defendants Saliba and Brooks must be dismissed because *respondeat superior* may not be the basis of a *Bivens* suit.

■ Absent any allegations that Defendants Saliba and Brooks personally participated in the events which gave rise to Plaintiff's claims, or any corroborative allegations to support the inference that these Defendants had notice of or acquiesced in the alleged detention of the Plaintiff after the expiration of his sentence, dismissal in their favor is appropriate. *See Haynesworth v. Miller*, 820 F.2d 1245, 1259 (D.C.Cir.1987) (fellow government employees cannot be held liable under the theory of *respondeat superior* for either constitutional or common law torts); *Smith–Bey v. District of Columbia*, 546 F.Supp. 813, 814 (D.D.C.1982) (same). *Respondeat superior* has been consistently rejected as a basis for the imposition of *Bivens* liability. *See, e.g., Boykin v. District of Columbia*, 689 F.2d 1092, 1097–99 (D.C.Cir.1982); *Tarpley v. Greene*, 684 F.2d 1, 9–11 (D.C.Cir.1982). Plaintiff's *Bivens* claims against these Defendants, whose only relationship to the instant litigation is their ultimate supervisory status, must therefore be dismissed.

### 2. Plaintiff's conspiracy claims must be dismissed.

■ To the extent that Plaintiff suggests the existence of a conspiracy between the Defendants, his allegations fail to state a claim upon which relief can be granted. As the United States Court of Appeals for the District of Columbia Circuit has observed,

[u]nsupported factual allegations which fail to specify in detail the factual basis necessary to enable [defendants] to intelligently prepare their defense, will not suffice to sustain a claim of governmental conspiracy to deprive [a plaintiff] of [his or her] constitutional rights.

*Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C.Cir.1987). Plaintiff fails to assert any factual basis to support the conclusion that a conspiracy existed. Plaintiff's conspiracy claims will therefore be dismissed for failure to state a claim upon which relief can be granted.

### 3. Plaintiff's Complaint fails to satisfy the heightened pleading standard applicable to claims against officials in their individual capacities and the Defendants are furthermore entitled to qualified immunity.

■ Federal officials enjoy qualified immunity from constitutional and statutory claims. *Cleavinger v. Saxner*, 474 U.S. 193, 206, 106 S.Ct. 496, 503, 88 L.Ed.2d 507 (1985). As the Supreme court made clear in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), officials are shielded from liability for civil damages inso-

far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* at 818, 102 S.Ct. at 2738; *see also Hunter v. District of Columbia,* 943 F.2d 69, 75 (D.C.Cir.1991).

██ Further, because "the costs of meritless suits include 'the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office'.... and since the [Supreme] Court [has] stressed the need to terminate insubstantial *Bivens* claims before trial," *Whitacre v. Davey,* 890 F.2d 1168, 1171 (D.C.Cir.1989) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982)), courts in the District of Columbia Circuit impose a more stringent standard on plaintiffs who charge a governmental official with constitutional deprivation where the outcome of the action depends on the official's state of mind. *Kimberlin v. Quinlan,* 6 F.3d 789 (D.C.Cir. 1993), *vacated on other grounds,* ── U.S. ──, 115 S.Ct. 1425, 131 L.Ed.2d 308 (1995).

This "heightened pleading standard" requires pleading of specific direct evidence of intent to defeat a motion to dismiss and subsequent production of such evidence to defeat a motion for summary judgment in suits against officials in their individual capacities. *Id.* at 794. Defendants have asserted the defense of qualified immunity, accordingly, the outcome of the instant action hinges on the Defendants' state of mind.

██ Plaintiff fails to identify a clearly established right which the Defendants are alleged to have violated. Nor does Plaintiff plead any specific direct evidence of the Defendants' intent to violate Plaintiff's constitutional rights. Plaintiff only makes the conclusory allegations that the Defendants violated his rights under the First, Fifth, and Sixth Amendments. Conclusory allegations, however, are an insufficient basis upon which to maintain suit against the Defendants in their individual capacities.

██ As the Defendants note, if Plaintiff is attempting to claim that the alleged delay in processing his detainers rendered his subsequent convictions improper under the Interstate Agreement on Detainers, 18 U.S.C.A.App., Pub.L. 91–538, §§ 1–8 (Dec. 9, 1970), he cannot pursue such a claim unless and until he has succeeded in overturning his convictions. *See Heck v. Humphrey,* ── U.S. ──, ──, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Best v. Kelly,* 39 F.3d 328, 330 (D.C.Cir.1994). Plaintiff has made no such showing.

Furthermore, the record discloses that the Defendants acted properly in processing Plaintiff's detainers. The Defendants are all employed in the Bureau of Prisons, which is without authority to make release determinations involving, for example, such issues as parole or time served. Plaintiff was released after all detainers were resolved and copies of the judgments were received by the Bureau. Notwithstanding Plaintiff's failure to satisfy the heightened pleading standard, his conclusory allegations are therefore also belied by the record.

██ Finally, insofar as Plaintiff sought declaratory and injunctive relief, his claims are moot because he has subsequently been released from custody. In any event, this Court would have been without jurisdiction to entertain any challenge to the fact or duration of Plaintiff's confinement as such claims are within the exclusive province of habeas corpus and would therefore have to be brought in the jurisdiction encompassing the place of confinement. *See Chatman–Bey v. Thornburgh,* 864 F.2d 804 (D.C.Cir.1988) (en banc); *Guerra v. Meese,* 786 F.2d 414 (D.C.Cir.1986).

### III. CONCLUSION

Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, the Court shall enter an Order of even date herewith consistent with the foregoing Memorandum Opinion GRANTING the Defendants' Motion to Dismiss.