# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued January 6, 2017          Decided June 23, 2017

No. 15-5144

ROGER CHARLES DAY, JR.,
APPELLANT

v.

DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-00671)

———

*Ryan J. Watson*, appointed by the court, argued the cause as *amicus curiae* in support of appellant. With him on the briefs was *Noel J. Francisco*.

*Roger C. Day, Jr.*, pro se, filed the briefs for appellant.

*Nicholas P. Coleman*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief was *Elizabeth Trosman*, Assistant U.S. Attorney. *Suzanne G. Curt*, Assistant U.S. Attorney, entered an appearance.

Before: BROWN, *Circuit Judge*, and EDWARDS and SENTELLE, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

SENTELLE, *Senior Circuit Judge*: Appellant, federal prisoner Roger Charles Day, Jr., initiated this action by a *pro se* petition in the United States District Court, seeking relief by way of writ from what he alleged to be an illegally imposed sentence. The petition is self-described as "pursuant to" various sections of the United States Code and Constitution, but it essentially amounts to a petition for habeas corpus, not against his immediate custodian, but against the President of the United States. The district court dismissed Day's action. Now ably represented by court-appointed amicus, Day appeals from the judgment of dismissal. Because we agree with the district court that the court was without jurisdiction over Day's petition, we affirm the judgment of dismissal.

## I. BACKGROUND

A. *The Underlying Conviction and Post-Conviction Proceedings*

Anyone seeking to follow the path of appellant Day's conviction and search for post-conviction relief will find a long and winding trail. While we omit many steps, a logical starting place is the return of a superseding indictment in the Eastern District of Virginia on August 19, 2008, alleging against Day one count of wire fraud conspiracy (18 U.S.C. § 1349); three counts of wire fraud (18 U.S.C. § 1343); three counts of aggravated identity theft (18 U.S.C. § 1028A); one count of money laundering conspiracy (18 U.S.C. § 1956(h)); one count of conspiracy to smuggle goods (18 U.S.C. §§ 371 and 554);

and one count of obstruction of justice (18 U.S.C. § 1503). Suppl. App. 001-015; *United States v. Day*, 700 F.3d 713, 718 (4th Cir. 2012). In December 2010, appellant, then in the custody of the government of Mexico, was extradited to the United States to face prosecution on all of the indicted charges except for the identity theft and obstruction of justice counts. *Day*, 700 F.3d at 718. On August 25, 2011, Day was found guilty in a jury trial on all six counts. *Id.* at 719.

Before being sentenced, appellant filed a *pro se* motion to vacate his convictions, arguing, among other things, that he had been tried on the basis of a charge or evidence outside the grant of extradition in violation of the international "rule of specialty," the extradition treaty between the United States and Mexico, and 18 U.S.C. § 3192. The district court denied the motion and sentenced appellant to an aggregate sentence of 1260 months, 3 years supervised release, a fine of $3 million, restitution of $6,256,710.44, and civil forfeiture of gold, vehicles, and more than $2 million in cash. *Id.* at 719-20. Appellant appealed from both the conviction and the denial of his post-conviction motion. The Fourth Circuit affirmed in *United States v. Day*, 700 F.3d 713 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 2038 (2013).

On April 25, 2014, appellant filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, in the Eastern District of Virginia. He again argued that his prosecution was in violation of the rule of specialty and of the United States-Mexico extradition treaty. The district court denied this motion also. *United States v. Day*, No. 3:07cr154, 2016 WL 96161, at *1 (E.D. Va. Jan. 8, 2016). Day sought a certificate of appealability. The district court denied his request. *United States v. Day*, No. 3:07cr154, 2016 WL 3570832, at *1 (E.D. Va. Feb. 19, 2016). The Fourth Circuit affirmed by

unpublished order. *United States v. Day*, Nos. 16-6118, 16-6478, 2016 WL 4750872, at *1 (4th Cir. Sept. 13, 2016).[1]

B. *The Present Litigation*

On February 25, 2015, appellant, appearing *pro se*, filed in the United States District Court for the District of Columbia the petition that commenced the present litigation. Appellant captioned that document as "Roger Charles Day, Jr., Petitioner v. Barack Obama, President of the United States." The document was internally headed "Petition pursuant to: Title 28 U.S.C. s/s s/s 1651 and 2241; Title 18 U.S.C. s/s 3192; Article I s/s 9 cl. 2 U.S. Constitution, to be captioned: Roger Charles Day, Jr. v. Barrack [sic] Obama, President of the United States; statutory custodian of the petitioner pursuant to Title 18 U.S.C. s/s 3192." Thereafter, appellant set forth essentially the same arguments he had made repeatedly in the past to other courts. On April 6, 2015, the district court, by order and unpublished memorandum opinion, dismissed appellant's action for lack of jurisdiction. *Day v. Obama*, No. 1:15-cv-00671, 2015 WL 2122289, at *1 (D.D.C. May 1, 2015). Appellant brought the present appeal. At our request, a public-spirited attorney appeared as amicus in support of appellant's appeal.

## II. ANALYSIS

Appellant's oft-repeated litany of injustices underlying his claim for relief begins with the international doctrine of specialty. Appellant's argument basically is that under this doctrine an internationally extradited defendant may be tried

---

[1]Although appellant has filed other petitions, all of which were either decided against him or remain pending, further discussion of his collateral litigation will add nothing to our present analysis.

only "for the offenses specified in the warrant of extradition . . . ." 18 U.S.C. § 3192; *see also United States v. Rauscher*, 119 U.S. 407, 423-24 (1886) (an extraditee may not be "delivered up" to be "tried for any other offense than that [with which he was] charged in the extradition proceedings"). Appellant also argues that his conviction is in violation of the international doctrine of dual criminality, which supposes that international extradition must involve an act that is a criminal offense in both the extraditing and receiving jurisdiction. Appellant relies on these doctrines unhampered by the fact that the charges upon which he was tried and convicted were precisely those recited in the proceedings of extradition.

Appellant's rationale for supposing that the two doctrines were violated is based on a jury instruction setting forth the theory of aiding and abetting. The United States has consistently opposed this argument of appellant on several grounds, including the fact that appellant was not convicted of an offense of "aiding and abetting." Rather, he was convicted of the substantive offenses charged in the indictment and underlying the extradition, so that the theory of aiding and abetting is a matter of evidence, not of the offense charged. In addition to the definitional argument put forth by the United States, appellant has other steep hills to climb in support of his theory, not the least of which is *res adjudicata*. The very questions raised in this case were decided in his direct appeal and decided against him. *See Day*, 700 F.3d at 721-22. Nonetheless, we will not, indeed cannot, consider the merits of appellant's argument. As the district court correctly ruled, we have no jurisdiction to do so in this action.

As the district court correctly stated, "[t]he proper respondent in a habeas corpus action is the petitioner's custodian." *See Day*, 2015 WL 2122289, at *1 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004)). The record

reflects that the custodian of appellant Day is the Warden of the United States Penitentiary in Terre Haute, Indiana, not the President of the United States. The "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). As the district court stated, "[b]ecause the proper respondent is not within this court's territorial jurisdiction, Petitioner's habeas petition" must be dismissed for lack of jurisdiction. *Day*, 2015 WL 2122289, at \*1.

Appellant attempts to thwart this problem by arguing that his proceeding, contrary to his pleading in district court, is not a petition for habeas corpus. It is. As the Supreme Court discussed in *Padilla*, 28 U.S.C. § 2241 *et seq.*, provides that a petitioner claiming to be "in custody in violation of the Constitution or laws or treaties of the United States" may seek a writ of habeas corpus in federal district court. 28 U.S.C. § 2241(c)(3); *cf. Padilla*, 542 U.S. at 446-47. Further, the statute provides "straightforwardly . . . that the proper respondent to a habeas petition is the person who has custody over the [person detained]." *Padilla*, 542 U.S. at 434 (citing 28 U.S.C. §§ 2242-43) (internal quotation marks and brackets omitted). Were this not straightforward enough, the Supreme Court has expressly told us that a "longstanding practice confirms that in habeas challenges to present physical confinement–'core challenges'–the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. In *Padilla*, the Court denominates this principle as the "immediate custodian rule." *Id.*

Appellant attempts to escape the immediate custodian rule by repairing to 18 U.S.C. § 3192, which states:

> Whenever any person is delivered by any foreign government to an agent of the United States, for the purpose of being brought within the United States and tried for any offense of which he is duly accused, the President shall have power to take all necessary measures for the transportation and safekeeping of such accused person, and for his security against lawless violence, until the final conclusion of his trial for the offenses specified in the warrant of extradition, and until his final discharge from custody or imprisonment for or on account of such offenses, and for a reasonable time thereafter, and may employ such portion of the land or naval forces of the United States, or of the militia thereof, as may be necessary for the safe-keeping and protection of the accused.

The statute, appellant argues, imposed on the President the duty of protecting an extradited person from trial on charges other than those of extradition. Therefore, appellant asserts, since (in appellant's view) his trials and convictions in this case were for the supposed offense of "aiding and abetting" and not for the extradited offenses, the President has failed in his duty and appellant therefore is seeking not a writ of habeas corpus but a writ in the nature of mandamus, compelling the President to perform his statutory duty.

Even assuming, as appellant apparently does, that § 3192 creates an implied individual claim for relief and that the district court would have the authority to compel the President to perform this duty, the only relief that appellant seeks is release from a conviction and sentence which he claims were imposed in violation of the Constitution and laws of the United

States—most specifically, § 3192. This classically describes habeas relief.

Appellant argues that even though *Padilla* reminds us that "the immediate physical custodian rule" is the default choice, that rule, "by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." 542 U.S. at 437-38. While this may be true, it is also irrelevant. No matter how much lipstick appellant applies to this particular pig, it is still a pig—that is to say, a petition for habeas corpus: He is in custody under a conviction that he argues was obtained in violation of law, and he seeks to be released.

Appellant particularly relies on the "dual custody" theory discussed by Justice Kennedy in his concurrence in *Padilla*. *See* 542 U.S. at 454 (Kennedy, J., concurring). Justice Kennedy relied on *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). In *Braden*, a prisoner in Alabama filed a petition in Kentucky seeking to compel Kentucky to grant him a speedy trial on a Kentucky indictment. 410 U.S. at 485. The Supreme Court held that the petition could lie in Kentucky rather than in Alabama where his immediate custodian resided. *See id.* at 500-01. However, that dual custody doctrine arising from *Braden* and appearing in Justice Kennedy's analysis in his separate *Padilla* concurrence has nothing to do with the present case. In fact, it fits very nicely with the general proposition that "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." *Padilla*, 542 U.S. at 438. Again, Day's problem is that he challenges his present physical confinement. Were the courts in the District of Columbia to hear his petition and nod gravely to his argument that the President should have done something differently, he would still be confined and we

would have granted no petition. The dual custody exception does not apply. No other exception applies. The immediate custodian rule does apply.

As Day has attempted to invoke various other statutes, we note the longstanding observation of the courts that § 2255 is ordinarily the sole remedy for a federal prisoner challenging the legality of his conviction or sentence, and he may not pursue such a challenge under § 2241. A federal prisoner who "claim[s] the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack," must file a motion under 28 U.S.C. § 2255 in "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The District of Columbia is neither the district of residence of Day's immediate custodian for purposes of § 2241 habeas relief nor the district of sentencing for § 2255 purposes.

The district court correctly held that it had no jurisdiction. We affirm the judgment of dismissal.