# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DAVID WILLIAMS,

          Petitioner,

          v.

JEFF SESSIONS,

          Respondent.

Case No. 1:18-cv-00520 (TNM)

## MEMORANDUM OPINION

Petitioner David Williams finds himself in federal custody upon his criminal conviction in the United States District Court for the Central District of California. He currently is designated to the FCI Terminal Island in San Pedro, California. According to Mr. Williams, the district judge who presided over his criminal case lacked the authority to do so, rendering the judgment of conviction a nullity. This matter is before the Court on Mr. Williams' petition for a writ of habeas corpus under 28 U.S.C. § 2241.

Generally, a Section 2241 habeas petition may be used "only to challenge a decision by prison officials which affect the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility." *Gillham v. Holland*, 2011 WL 666898, *1 (D.D.C. Feb. 4, 2011). A federal prisoner challenging the legality of his sentence itself typically must proceed by motion in the sentencing court under 28 U.S.C. § 2255. *See Taylor v. United States Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (concluding that § 2255 is proper vehicle for challenge to constitutionality of statute under which appellant was convicted); *Gillham*, 2011 WL 666898 at *1 ("Where, as here, petitioner challenges the jurisdiction of the

federal court imposing sentence . . . , he must do so in a motion in the sentencing court under 28 U.S.C. § 2255."). The statute provides in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move *the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). However, there is a savings clause which permits a federal prisoner to avail himself of a remedy under 28 U.S.C. § 2241 if a remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002).

Mr. Williams argues that, if he were to proceed by motion in the sentencing court under 28 U.S.C. § 2255, at most, the court could vacate, set aside, or correct his sentence. He maintains that there is no valid judgment of conviction, such that any remedy available to him under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, Mr. Williams argues, because he is held in violation of the United States Constitution, he properly proceeds under 28 U.S.C. § 2241.

The Court questions Mr. Williams' assertions with respect to the presiding judge's authority, or lack of authority, to issue the judgment of conviction. Mr. Williams has not clearly established that a remedy under § 2255 would be adequate or ineffective. But even if he were to proceed under § 2241, he may not do so in the District of Columbia.

"The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in . . . custody." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973). The proper respondent in a habeas corpus action is Mr. Williams' immediate

2

custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), who in this case is the Warden of FCI Terminal Island, *see Day v. Trump*, 860 F.3d 686, 689 (D.C. Cir. 2017) (finding that appellant's custodian was the warden of the facility where he was incarcerated, not the President of the United States). This "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

Because "[t]he District of Columbia is neither the district of residence of [Mr. Williams'] immediate custodian for purposes of § 2241 habeas relief nor the district of sentencing for § 2255 purposes," *Day*, 860 F.3d at 691, the Court must dismiss the petition for lack of jurisdiction. A separate order will issue.

Dated: April 2, 2018

TREVOR N. MCFADDEN
United States District Judge