# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 21-3062**

**September Term, 2021**

**1:03-cr-00234-JDB-DAR-1**

**Filed On:** June 1, 2022

United States of America,

        Appellee

    v.

James W. Edwards,

        Appellant

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Katsas, Rao, and Walker, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. Upon consideration of the foregoing; the motion for appointment of counsel; the court's order to show cause filed January 4, 2022 and the response thereto; the motion to vacate the conviction, the opposition thereto, and the reply, it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that the motion for appointment of counsel be denied. It is

**FURTHER ORDERED** that the motion to vacate the conviction be denied. Appellant alleges in that motion that his conviction is unlawful. However, to bring such a challenge, a litigant "must file a motion under 28 U.S.C. § 2255 in 'the court which imposed the sentence to vacate, set aside or correct the sentence.'" Day v. Trump, 860 F.3d 686, 691 (D.C. Cir. 2017) (quoting 28 U.S.C. § 2255(a)). Although the "savings clause of § 2255 provides that if the 'remedy by motion is inadequate or ineffective to test the legality of his detention,' the prisoner may utilize [28 U.S.C.] § 2241 to collaterally attack the legality of his conviction or sentence," In re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002) (quoting 28 U.S.C. § 2255(e)), appellant has not demonstrated his remedy was "inadequate or ineffective." Moreover, the appropriate

forum for a habeas petition under § 2241 is the district in which appellant is confined, which is the Southern District of West Virginia.  See id.; Chatman-Bey v. Thornburgh, 864 F.2d 804, 806 n. 1 (D.C. Cir.1988) (en banc).  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's July 22, 2021 order denying appellant's motion for compassionate release be affirmed.  Appellant requested compassionate release under 18 U.S.C. § 3582(c)(1)(A), which, in relevant part, allows a court to reduce a defendant's sentence if it determines, after considering the applicable 18 U.S.C. § 3553(a) factors, that extraordinary and compelling reasons warrant release.  Appellant argues that he demonstrated extraordinary and compelling reasons for his release based on his medical issues, COVID-19 risks, and family obligations.  Appellant also asserts that his past criminal history is outweighed by the other § 3553(a) factors because he has completed vocational training, release preparation programs, and other rehabilitation efforts.

The district court did not abuse its discretion in concluding that appellant had demonstrated neither extraordinary and compelling reasons nor that the § 3553(a) factors weighed in favor of release.  See United States v. Long, 997 F.3d 342, 352 (D.C. Cir. 2021).  Specifically, the district court acted within its discretion in determining that appellant failed to demonstrate that his risk of complications or death from COVID-19 constituted an extraordinary and compelling reason warranting compassionate release.  Likewise, the district court properly analyzed the relevant § 3553(a) factors and did not abuse its discretion in concluding that, on balance, they weighed against compassionate release, particularly given the record evidence regarding appellant's criminal history and several disciplinary infractions.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**