# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT LEAKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-00099 (UNA) |
| | ) | |
| DC SUPERIOR COURT CLERK, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. Petitioner's *in forma pauperis* application will be granted and his petition will be dismissed without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Petitioner is a federal inmate currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. He is a D.C. Code offender who was convicted in the Superior Court of the District of Columbia in Case No. 2016 CF2 000770. The petition is not a model in clarity, but it appears that petitioner challenges a detainer or warrant that has been since lodged in those Superior Court proceedings, which is pending while he serves the sentence for the underlying conviction. As far as it can be understood, petitioner argues that the government's alleged failure to resolve that detainer or warrant now, rather than when he is released from his current confinement, is a violation of his Sixth Amendment right to speedy trial. He contends that he has attempted to seek relief in the District of Columbia local courts to no avail. As a result, he maintains that he is entitled to the dismissal of those criminal proceedings.

Petitioner faces hurdles that he cannot overcome here. First, a petitioner's "immediate custodian" is the proper respondent in a § 2241 habeas corpus action. *See Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)). Petitioner has improperly sued the D.C. Superior Court Clerk, instead of his immediate custodian at FCI Terre Haute. Moreover, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). Therefore, he must file for such relief against his present custodian in the Southern District of Indiana. *See Robertson v. Merola*, 895 F. Supp. 1, 5 (D.D.C. 1995) (dismissing plaintiff's claims for, *inter alia*, violation of his Sixth Amendment rights, arising from an alleged delay in processing his pending detainers, because this District was "without jurisdiction to entertain any challenge to the fact or duration of Plaintiff's confinement as such claims are within the exclusive province of habeas corpus and would therefore have to be brought in the jurisdiction encompassing the place of confinement.").

Second, this court generally lacks jurisdiction to review the actions of the Superior Court or the D.C. Court of Appeals. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (following *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). This is particularly true here because, as stated by petitioner, the applicable proceedings are "active," and

this court may not violate the fundamental policy against federal interference with ongoing state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 46. (1971); *see also* 28 U.S.C. § 2244(d)(1)(a), (d)(2). Thus, petitioner must again attempt to file for relief regarding the alleged outstanding detainer or warrant in the District of Columbia local courts. *See Ciacci v. Hogan*, 2012 WL 2501027, at *1 (D.D.C. June 22, 2012) (collecting cases and dismissing plaintiff's claims based on the *Younger* abstention doctrine where plaintiff alleged that his Sixth Amendment right to speedy trial was violated because he had "yet to appear in court on [a] warrant[.]"), *appeal dismissed*, No. 12–5224, 2012 WL 5896801 (D.C. Cir. Oct. 31, 2012).

For these reasons, this habeas action is dismissed without prejudice for want of jurisdiction. Petitioner's motion to compel, ECF No. 4, the Superior Court to dismiss his criminal proceedings, is denied for the same reasons. A separate order accompanies this memorandum opinion.


Date:   February 9, 2023 _____/s/_____
RUDOLPH CONTRERAS
United States District Judge