# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LEE D. CRAYTON,             )
                                 )
        Petitioner,       )
                                 )
        v.                  )      Civil Action No. 1:23-cv-00633 (UNA)
                                 )
MICHAEL FEAZELL, *et al*.,     )
                                 )
        Respondents.     )

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. Petitioner's *in forma pauperis* application will be granted and his petition will be dismissed without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Petitioner is a state inmate currently incarcerated at the Telford Unit, located in New Boston, Texas. The petition is far from a model of clarity. It appears that he was indicted and tried in a Dallas County criminal court and that, according to the petitioner's version of events, he was either ultimately acquitted or has served out the resulting sentence and remains in custody due to a pending detainer. He alleges that his present incarceration is violative of several federal statutes and of his constitutional rights, and he demands his immediate release.

Petitioner faces insurmountable hurdles. First, a petitioner's "immediate custodian" is the proper respondent in a § 2241 habeas corpus action. *See Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)). Petitioner has indeed sued his custodian, but "a

district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). Therefore, petitioner must file for such relief against his present custodian in the United States District Court for the Eastern District of Texas. *See id.*; *see also Robertson v. Merola*, 895 F. Supp. 1, 5 (D.D.C. 1995) (dismissing plaintiff's claims for, *inter alia*, violation of his Sixth Amendment rights, arising from an alleged delay in processing his pending detainers, because this District was "without jurisdiction to entertain any challenge to the fact or duration of Plaintiff's confinement as such claims are within the exclusive province of habeas corpus and would therefore have to be brought in the jurisdiction encompassing the place of confinement.").

Second, this court lacks jurisdiction to review the actions of the court that issued the detainer, *see Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (following *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), particularly because the applicable proceedings are considered "active," and this court may not violate the fundamental policy against federal interference with ongoing state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 46. (1971); *see also* 28 U.S.C. § 2244(d)(1)(a), (d)(2). Thus, petitioner must attempt to file for relief regarding the alleged outstanding detainer in the issuing court. *See Ciacci v. Hogan*, 2012 WL 2501027, at *1 (D.D.C. June 22, 2012) (collecting cases and dismissing plaintiff's claims based on the *Younger* abstention doctrine where plaintiff alleged that his Sixth Amendment right to speedy trial was violated

because he had "yet to appear in court on [a] warrant[.]"), *appeal dismissed*, No. 12–5224, 2012 WL 5896801 (D.C. Cir. Oct. 31, 2012).

For these reasons, this habeas action is dismissed without prejudice for want of jurisdiction. A separate order accompanies this memorandum opinion.

Date:   April 17, 2023

*Tanya S. Chutkan*
—————————————
TANYA S. CHUTKAN
United States District Judge