# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-5206**                    **September Term, 2024**

**1:24-cv-01252-UNA**

**Filed On:** February 21, 2025

Lawrence J. Gerrans,

     Appellant

    v.

United States Department of Justice, et al.,

     Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Childs, Pan, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  Upon consideration of the foregoing and the motion to proceed in forma pauperis, it is

**ORDERED** that the motion to proceed in forma pauperis be dismissed as moot. The district court granted appellant's motion to proceed on appeal in forma pauperis on November 27, 2024.  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed on June 20, 2024, be affirmed.  Appellant alleges that his conviction is unlawful under the Administrative Procedure Act.  However, a motion under 28 U.S.C. § 2255 filed in the sentencing court "is ordinarily the sole remedy for a federal prisoner challenging the legality of his conviction or sentence."  Day v. Trump, 860 F.3d 686, 691 (D.C. Cir. 2017).  Although a prisoner may seek relief under 28 U.S.C. § 2241 to collaterally attack the legality of his conviction if remedy by § 2255 motion is inadequate, see 28 U.S.C. § 2255(e); Jones v. Hendrix, 599 U.S. 465, 469 (2023), the appropriate forum for a § 2241 habeas petition is the district of residence of the prisoner's custodian, see Day, 860 F.3d at 689.  Because the District of Columbia is neither the district of residence of appellant's custodian nor the district of sentencing, the district court correctly dismissed appellant's case.

_____

**No. 24-5206**                      **September Term, 2024**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk