**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DESMOND GREER, )
                              )
          Petitioner, )
                              )
        v. )      Civil Action No.  1:24-cv-00587 (UNA)
                              )
UNITED STATES OF AMERICA, et al., )
                              )
          Respondents. )

**Memorandum Opinion**

In February 2024, Monika Gray-El filed a *pro se* petition for habeas corpus and application for leave to proceed *in forma pauperis* on behalf of Desmond Greer. ECF Nos. 1, 2. Greer is a state prisoner currently incarcerated at the Algoa Correctional Center in Jefferson City, Missouri. ECF No. 1 at 1. He is serving a 10-year sentence issued by Missouri's 33rd Judicial Circuit Court. *See State v. Greer*, No. 21SO-CR01114-01 (Mo. Cir. Ct. filed 11/24/2021), at Dkt. Entry, Defendant Sentenced, 8/25/2022.[1] Although Gray-El filed a notice of power of attorney indicating that Greer designated her as his financial durable power of attorney, there was no indication Gray-El is an attorney, such that she would be authorized to represent Greer in a legal proceeding. *See* ECF Nos. 3, 4. In March 2024, the Court therefore ordered Greer to, within 30 days, personally submit (1) a petition for a writ of habeas corpus and (2) an IFP application bearing his signature, or in the alternative, pay the $5 filing fee applicable to non-IFP habeas actions. *See* ECF No. 4 at 2.

In December 2024, Greer filed an amended habeas petition. ECF No. 5. That petition still does not bear Greer's signature, and Greer also has not filed an *in forma pauperis* application or

---

[1] A court may take judicial notice of the public record in other proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

submitted the $5 filing fee associated with this case. In addition to these defects, Greer appears to have filed this matter in the wrong court.

The petition seeks release from custody due to alleged false imprisonment in violation of the U.S. Constitution and various federal statutes and treaties. *See* ECF No. 1 at 1–12; ECF No. 5 at 1–15. Where a state prisoner alleges he is "in custody in violation of the Constitution or laws or treaties of the United States," his avenue for relief is 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3). Section 2241 allows a court to grant writs of habeas corpus for prisoners "in custody" only "within their respective jurisdictions." *See* 28 U.S.C. §§ 2241(a), (c). Indeed, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 12339 (D.C. Cir. 2004); *Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017). Accordingly, Greer cannot seek such relief in this Court; he must file in the district where he is in custody, which appears to be the United States District Court for the Western District of Missouri.

Alternatively, insofar as Greer challenges his underlying state conviction or legality of his sentence, he has also filed in the wrong District. Federal review of state convictions and sentences is available under 28 U.S.C. § 2254 after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). An application under § 2254 "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced." 28 U.S.C. § 2241(d). Greer was convicted and sentenced in Missouri's 33rd Judicial Circuit Court, so, assuming he has exhausted his state remedies, such a claim could be filed in the United States District Court for the Eastern District of Missouri.

The Court accordingly dismisses the amended petition without prejudice to refiling in the appropriate jurisdiction. Greer's *in forma pauperis* application is denied as moot. A separate order accompanies this memorandum opinion.

Date:   March 25, 2025                    /s/_____
                                        AMIR H. ALI
                                        *United States District Judge*