# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOE WALLACE PEEPLES, III,

    *Plaintiff*,

    v.

FRANK P. GERACI, *et al.*,

    *Defendants*.

Civil Action No. 1:25-cv-02107 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff Joe Wallace Peeples' *pro se* Complaint ("Compl."), ECF No. 1, his subsequent supplements, *see* Notices ("Nots."), ECF Nos. 4–7, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application and, for the following reasons, dismisses this matter without prejudice.

Peeples, a federal inmate, sues anyone remotely or ostensibly involved with his criminal proceedings in the U.S. District Court for the Western District of New York, including the presiding judge, the U.S. Court of Appeals for the Second Circuit, the United States Attorney's Office for the Western District of New York and the attorneys who prosecuted him, the U.S. Department of Justice, the U.S. Office of Inspector General, the Executive Office of U.S. Attorneys, and the U.S. Attorney General. *See* Compl. at 1–4. Plaintiff challenges the constitutionality of his criminal investigation and resulting conviction and sentence; more specifically, he alleges that his arrest by the FBI and his current incarceration are tantamount to kidnapping and torture because there was no "lawful true bill of indictment" or "lawful sworn

1

affidavit of probable cause." *See id*. at 5–6. He demands his immediate release and $2 billion in damages. Compl. at 6.

But Peeples must challenge the fact, length, or conditions of his confinement through a petition of habeas corpus pursuant to 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973); *Brown v. Plaut*, 131 F.3d 163, 168–69 (D.C. Cir. 1997). And insofar as he has collaterally challenged the propriety of his conviction and sentence and their surrounding circumstances, he must do so pursuant to 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003). Under either statute, Peeples has filed for relief in the wrong District.

A plaintiff's "immediate custodian" is the proper defendant in a Section 2241 habeas corpus action. *See Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (noting that the "appropriate defendant in a habeas action is the custodian of the prisoner") (citing *Chatman-Bey v. Thornburg*, 864 F.2d 804, 810 (D.C. Cir. 1988) (en banc)). Indeed, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017). And Section 2255 claims must be addressed to the sentencing court. See 28 U.S.C. § 2255(a).[1]

Here, Peeples is presently incarcerated at FCI Allenwood, located in White Deer, Pennsylvania, and he was convicted and sentenced in the U.S. District Court for the Western District of New York. Accordingly, Peeples's challenges bear no connection to this jurisdiction, and this Court cannot exercise subject matter jurisdiction over them. *See Taylor v. U.S. Bd. of*

---

[1] The statute provides that a "prisoner in custody . . . may move t*he court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added).

*Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (per curiam) ("[H]abeas corpus [does not] lie in the District of Columbia, for the complainant is not confined within the territorial jurisdiction of its courts.").

With respect to Peeples's demand for damages, the Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). Here, a judgment in Peeples's favor "would necessarily imply the invalidity of his conviction." *Id.* at 487. With no indication that his verdict has been set aside, Peeples cannot recover damages for the actions of those who brought about his conviction and sentence. *See Williams v. Hill,* 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam).

Finally, the Court finds no merit in Peeples's assertions concerning the far-reaching conspiracy allegedly arrayed against him. Because those allegations are merely "a laundry list of wrongful acts and conclusory allegations to support h[is] theory of a conspiracy," they are "insufficient to allow the case to go forward." *Curran v. Holder*, 626 F. Supp. 2d 30, 34 (D.D.C. 2009) (quoting *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 233 (D.D.C. 2007)).

For the foregoing reasons, this matter is dismissed without prejudice. Peeples's Motion for Action, ECF No. 8, is denied. A separate Order accompanies this Memorandum Opinion.

DATE: October 8, 2025

                                                        CARL J. NICHOLS
                                                         United States District Judge